Matt Singer
Lee C. Baxter
HOLLAND & KNIGHT LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99502
Telephone: (907) 263-6300
Facsimile: (907) 263-6345
matt.singer@hklaw.com
lee.baxter@hklaw.com

Attorneys for Defendant Condor Flugdienst GmbH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MALCOM G. RAY, an individual, ALASKA USA, and on behalf of all those similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| CONDOR FLUGDIENST GmbH, Germany;<br>Mr. Ralf Teckentrup, Director:<br>Mr. Uwe Balser, Director Operations;<br>Ms. Verna Schreiber, Legal Counsel for Condor Flugdienst GmbH, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) Case No. 3:17-cv-_____<br>)<br>) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Condor Flugdienst GmbH ("Defendant" or "Condor"), through undersigned counsel, hereby removes the state court action captioned above, *Malcolm G. Ray v. Condor Flugdienst GmbH & Verna Schreiber*, Case No. 3AN-16-10605 CI, pending in the District Court for the State of Alaska, Third Judicial

HOLLAND &
KNIGHT LLP
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

District at Anchorage, to this Court pursuant to 28 U.S.C. § 1331, 1441, and 1446. The grounds for removal are as follows:

## I. PLEADINGS

1. This action arises from the alleged denied boarding and delayed transportation of passenger Clover Pittilla, a United Kingdom resident, travelling on an international flight from Heathrow Airport in London on August 18, 2015. [*See* Plaintiff's Complaint ("Complaint"), pages 6-15, attached as Exhibit A]. Plaintiff allegedly purchased Ms. Pittilla's ticket and asserts seven claims personally and on behalf of Ms. Pittilla: (1) breach of contract, (2) fraud, (3) infliction of emotional distress, (4) negligence, (5) deceit, (6) tortious conduct by the acts of negligence, and (7) failure to settle. [Exh. A at 15-23].

2. Plaintiff filed his Complaint on or about December 12, 2016. Plaintiff served Condor with a copy of the Complaint on or about January 9, 2017. [*See* Exhibit A].

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal is Timely.

3. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Condor has removed the case within 30 days of Plaintiff serving it with the Summons and Complaint. [*See supra*, ¶ 2].

### B. Diversity Jurisdiction Exists.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity jurisdiction) and thus it is properly removed to this Court pursuant to 28 U.S.C. § 1441(b). This action is properly removable to this Court by Condor pursuant to 28 U.S.C. §§ 1332 and 1441(b) because it is a civil action between citizens of different states with an amount in controversy exceeding $75,000, exclusive of interests and costs.

**HOLLAND & KNIGHT LLP**
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

Notice of Removal
*Ray v. Condor Flugdienst GmbH & Schreiber*, Case No. 3:17-cv-_____
2 of 7
Case 3:17-cv-00023-TMB   Document 1   Filed 02/08/17   Page 2 of 7

### Complete Diversity Exists

5. Plaintiff is a U.S. citizen and resident of Chugiak, Alaska. [*See* Exhibit A at 2-3].

6. Defendant Condor is a foreign corporation organized under the laws of Germany with its principal place of business in Frankfurt, Germany. [*Id*. at 3].

7. Therefore, complete diversity of citizenship exists between Plaintiff and Condor.

### The Amount in Controversy Exceeds $75,000

8. This action seeks damages for emotional distress, lost business opportunities and various out-of-pocket expenses related to the alleged denied boarding and delay in the transportation of passenger Clover Pittilla. [*See* Exhibit A at 6-15].

9. In the Complaint, Plaintiff asserts seven separate causes of action against Condor for breach of contract, negligence, infliction of emotional distress, class-action relief, fraud, deceit, and failure to settle. [Exhibit A at 15-23]. The Complaint seeks compensatory damages in the amount of $73,831 and punitive damages as well. [*Id*. at 25-26].

10. Accordingly, this case is properly removed pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

**C. Federal Question Jurisdiction Also Exists.**

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and thus it is properly removed to this Court pursuant to 28 U.S.C. § 1441(b). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the claims arise under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (the "Montreal Convention").

**HOLLAND &
KNIGHT LLP**
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

12. The Montreal Convention is a treaty of the United States that covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1). It "unifies and replaces the system of liability that derives from the Warsaw Convention." *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004).

13. According to the Complaint, the subject matter of this action arose during "international carriage" within the meaning of Article 1(2) of the Montreal Convention.[1] [*See* Exhibit A at 2]. Specifically, the Complaint seeks damages arising from Ms. Pittilla's roundtrip transportation commencing and terminating in London, United Kingdom, with agreed stops in Frankfurt, Germany, and Anchorage, Alaska. [*See* Exhibit 1 to Complaint]. Accordingly, the transportation out of which the subject matter of this action arose was "international carriage" because it involved transportation that commenced and terminated in the United Kingdom, a State Party to the Montreal Convention,[2] with agreed stops in other countries.

14. Because the claims asserted in the Complaint arise out of international carriage, the Montreal Convention completely preempts any state law claims and the rights and liabilities are exclusively governed by the provisions of this treaty. *See* Montreal Convention, Art. 29;[3] *El*

---

[1] Article 1(2) defines "international carriage" as:
> any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

[2] A list of Signatory Parties to the Montreal Convention is maintained by the International Civil Aviation Organization (ICAO) at http://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf

[3] "In the carriage of passengers … any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention …." Montreal Convention, Art. 29.

HOLLAND & KNIGHT LLP
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

HOLLAND &
KNIGHT LLP
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

*Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999); *King v. Am. Airlines, Inc.,* 284 F.3d 352, 357 (2d Cir. 2002)*; Carey v. United Airlines*, 255 F.3d 1044, 1048 (9th Cir. 2001).[4]

15. Specifically, Article 17 of the Convention creates the exclusive cause of action for personal injury caused by events "that took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, Art. 17(1). Article 19 creates the exclusive cause of action "for damage occasioned by delay in the carriage by air of passengers." *Id.*, Art. 19.

16. Because the Complaint seeks damages for emotional distress suffered by Ms. Pittilla when denied boarding while embarking her flight [*see* Complaint at 2, 7-8, 18-19], Article 17 governs and completely preempts any state law claims. *See Oparaji v. Virgin Atlantic Airways, Ltd.*, No. 04-cv-1554, 2006 WL 2708034, at *2-3 (E.D.N.Y. Sept. 19, 2006), *aff'd,* 258 Fed. Appx. 374 (2d Cir. 2007). Additionally, because the Complaint seeks damages resulting from her delayed travel to Alaska, Article 19 applies and likewise precludes any state law claims for such delay. *Id.*

17. Accordingly, the action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b). *See Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386-87 (E.D.N.Y. 2012).

### III. STATE COURT COMPLAINT

18. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint served on Condor on January 9, 2017.

---

[4] Although these cases involved claims governed by the Warsaw Convention, courts rely on cases interpreting the Warsaw Convention to interpret the corresponding Montreal Convention provisions.

Notice of Removal
*Ray v. Condor Flugdienst GmbH & Schreiber*, Case No. 3:17-cv-_____

## IV. NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL

19. A copy of this Notice of Removal is being filed with the District Court of the State of Alaska and written notice is being provided to the Plaintiff pursuant to 28 U.S.C. § 1446(d).

## V. NON-WAIVER

20. In filing this Notice of Removal, Condor does not waive any defenses that may be available to it.

WHEREFORE, Condor, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully removes the action now pending against it in the District Court for the State of Alaska, Third Judicial District at Anchorage to this Honorable Court, and requests this Court retain jurisdiction for all further proceedings.

Respectfully submitted this 8th day of February, 2017.

HOLLAND & KNIGHT LLP
*Attorneys for Defendant*
*Condor Flugdienst GmbH*

s/ Matt Singer
Matt Singer
Alaska Bar No. 9911072
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99502
Telephone: (907) 263-6300
Facsimile: (907) 263-6345
matt.singer@hklaw.com

**HOLLAND & KNIGHT LLP**
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

Notice of Removal
*Ray v. Condor Flugdienst GmbH & Schreiber*, Case No. 3:17-cv-_____

6 of 7

Case 3:17-cv-00023-TMB   Document 1   Filed 02/08/17   Page 6 of 7

## CERTIFICATE OF SERVICE

I certify that on February 8, 2017, a copy of the foregoing *Notice of Removal* was mailed, by first-class mail, postage prepaid and properly addressed, to the following:

> Malcolm Ray
> 22625 Lake Hill Drive
> Chugiak, Alaska 99567

s/ *Lee Baxter*

**HOLLAND & KNIGHT LLP**
601 West Fifth Avenue
Suite 700
Anchorage, AK 99501
Phone: (907) 263-6300
Fax: (907) 263-6345

Notice of Removal
*Ray v. Condor Flugdienst GmbH & Schreiber*, Case No. 3:17-cv-_____

7 of 7

Case 3:17-cv-00023-TMB   Document 1   Filed 02/08/17   Page 7 of 7