IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

EINGEGANGEN

0 9. JAN. 2017

Condor Flugdienst GmbH
Rechtsabteilung

Malcolm G. Ray
_____
Plaintiff(s),

vs.

CONDOR FLUGDIENST GmbH
Ms VERENA Schreiber
_____
Defendant(s).

CASE NO. 3AN-16-10605 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Condor Flugdienst GmbH - VERENA Schreiber

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Malcolm RAY, whose address is: 22625 LAKE Hill Dr Chugiak AK 99567 USA

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at http://www.courts.alaska.gov/forms/index.htm to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☐ This case has been assigned to Superior Court Judge _____
and to a magistrate judge.

☒ This case has been assigned to District Court Judge Rhoades

CLERK OF COURT

12/12/16
Date

By: _____
Deputy Clerk

I certify that on 12/12/16 a copy of this Summons was ☐ mailed ☒ given to
☒ plaintiff ☐ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk: CLO

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(cs)

Civil Rules 4, 5, 12, 42(c), 55

Malcolm Ray
22625 Lake Hill Dr
Chugiak Alaska
USA

## DISTRICT COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE, ALASKA

Malcolm G Ray, an individual, ALASKA USA  )
and on behalf of all those similarly situated,  )
                                        )
                                        )
        PLAINTIFF,                )
                                        )
Vs.                                     )
                                        )
CONDOR FLUGDIENST GmbH,   )
  Germany;                            )
                                        )
Mr Ralf Teckentrup, Director;     )
Mr Uwe Balser, Director Operations  )
Ms Verena Schreiber, **Legal Counsel for Condor** )
  Flugdienst GmbH             )
                                        )
      DEFENDANT.             )  CASE:

**COMPLAINT FOR DAMAGES**
Breach of Contract; Negligence;
Fraud

---

COMES NOW the Plaintiff MALCOLM RAY, United States of America citizen representing himself and Ms Clover Pittilla, United Kingdom, and for claims against Defendant Condor Flugdienst GmbH, Condor Platz, 60549 Frankfurt am Main, Germany, and alleges and avers as follows:

**All Complaints are Directly Relevant to the Provocative, Injurious and Financially Malicious Incidents Defendant pursued against Ms Clover Pittilla, at Heathrow Airport, London, England on the Date of 18 August 2015 and to those Business Transactions and Communications between Plaintiff and Defendant and Defendant's Representatives thereafter.** At great expense of time and resources, Plaintiff attempted to negotiate a fair and just settlement to this matter extending from the date of the incidents described herein and until the

filing of this Action. This Action is necessitated entirely because Defendant initially denied responsibility, then reversed position to suggest settlement, then again reversed position and finally submitted a letter denying any responsibility to Plaintiff.

References herein to specific Alaska Rules of Civil Court may be notated as "ARC."

## I. PARTIES

PLAINTIFF Malcolm Ray is an individual, a professional engineer, who resides in the Anchorage Borough, Alaska, and is an owner of real property located in Thurston County, Washington State and in Anchorage Borough, Alaska.

Clover Pittilla is an adult residing in Bournemouth, England, United Kingdom, who is well known to the Defendant. Ms Pittilla having been a Passenger on the Defendant's airline system, but denied passage by Defendant with subsequent loss of invested capital by Plaintiff Ray. Ms Pittilla is a 20-year old United Kingdom citizen (at the date of this filing).

Ms Pittilla is referred to herein by name as well as 'Passenger' or 'Plaintiff's Passenger'.

As per Alaska Rules of Court, Rule 20, Permissive Joinder of Parties, and because Ms Pittilla is an essential witness and participant in the events of this matter, Ms Pittilla shall be recognized as a third party to the Plaintiff; Ms Pittilla shall have no financial liability in these proceedings, as her only involvement is as essential witness and injured party; therefore her signature is omitted from this COMPLAINT. [Noting ARC 20: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action".]

EXHIBIT I is an airline ticketing document and simultaneously provides personal data on Passenger Clover Pittilla, as it relates to this ACTION.

DEFENDANT is an international airline limited liability company informally known as Condor Air or Airlines and more formally as Condor Flugdienst GmbH, having a published address CONDOR PLATZ, 60549 FRANKFURT am Main, GERMANY.

2

Lufthansa Airlines is an airline carrier that was utilized by, and therefore acted as agent for Condor Flugdienst GmbH in the events described in this action. Airline codes indicating **Lufthansa** are noted in exhibits of ticketing documentation as **"LH"**. PLAINTIFF had no contact with Lufthansa for the booking of flights nor for the payment of fares. Condor Airlines is (1) the Plaintiff's only contact, (2) the proper and the actual point of sale for receipt of Plaintiff's monies, and (3) the manager of the necessary aircraft scheduling and routing for purposes of the transportation services to be provided and described herein, and Defendant Condor Airlines therefore bears sole responsibility for injuries, damages, and tortuous actions against the Plaintiff and Ms Pittilla, as described hereinafter.

## II. JURISDICTION AND VENUE

Jurisdiction and venue are proper in Anchorage District Court pursuant to:
   (1)  AS 22.15.030 (a) regarding civil cases and foreign judgments, and
   (2)  AS 22. 15.030(1) for recovery of damages.

Plaintiff resides in Anchorage Borough; and an inordinate disparity in wealth  and in ability to freely and quickly travel exists between Plaintiff and Defendant such that Plaintiff would not be able to prosecute these matters in a foreign country or any other U.S. territory or state other than Alaska.

Defendant Condor operates aircraft also within the boundaries of the United States and within the boundaries of the State of Alaska in addition to other countries.

The destination of Plaintiff was Anchorage Alaska in a flight scheduled for the date of August 18, 2015.

Venue is proper in the Anchorage Alaska District as the real monetary amounts upon which the contractual agreements were transacted between Plaintiff and Defendant were extracted from a financial institution located in Anchorage Alaska;  funds were transferred to Defendant's "unknown financial institution" under the control of Defendant.

3

Plaintiff entered into contract with Defendant for air transportation as set forth herein while Plaintiff resided in Anchorage Alaska.

### III. MEETING CLASS ACTION PREREQUISITES

Plaintiff has reason to believe that there are questions of law common to the class. This prosecution and litigation will show Defendant to be guilty of unlawfully breaching a contract, guilty of unlawful commission of fraud, guilty of negligent infliction of emotional distress, unlawful confiscation of funds and a lesser tort of deceit and dissemination of false information in a business transaction. Defendant Condor Air may in fact be found to be tort-feasors in the commission of the tortuous acts described later herein.

The mere list of tortuous actions taken illegally by Defendant while the Plaintiff's 'Passenger' simply attempted to appropriately and properly board an aircraft following a significantly large investment of funds, makes it intuitively obvious that Defendant has been engaged in similar unlawful actions in recent times. Legal actions may never have been filed by injured parties in previous unjust and unlawful instances committed by Defendant, for any of a variety of reasons. Such failure to prosecute is not uncommon, particularly given the very high cost of litigation.

It is intuitively obvious, therefore, that a class of injured persons exists; that Defendant has been repeatedly escaping prosecution and has been adding wealth into Defendant's wealth base illegally.

The claims of the Plaintiff are therefore typical of the claims and complaints of those persons who make up this class.

The representative parties, by virtue of the outcome of this litigation, will therefore adequately and fairly protect the interests of the class.

4

In the absence of certifiable numerically tallied data, the evidence nevertheless strongly suggests that the actions of the Defendant have historically produced numbers of injured parties in practically identical illegal acts materially actioned by Defendant. The above-listed dialog, together with the vast amount of evidence compiled herein on this specific legal action clearly support the requirements necessary for a class action process and outweigh any counter challenges. [Alaska Rules of Civil Court, Rule 23]

## TRIAL BY JURY

Plaintiff may exercise the option to request a trial by jury under Rule 38.

## COMPLAINTS

1 – Breach of Contract committed by Defendant through Refusal to allow Ms Pittilla boarding on her scheduled flight;

2 - Fraud and Negligence committed by Defendant making Demand for Plaintiff to submit full price for a second ticket for Ms Pittilla;

3 - Defendant's Malicious interference through it's reversals of position in negotiations rising to the level of a tort by Defendant, jerking Plaintiff around for a period lasting months;

4 - Lesser tort of negligence by (1) Defendant's production of ticketing documents composed primarily of jibberish, unintelligible language, and transmitting documents in language foreign to Plaintiff; and (2) refusal to provide a minimum level of customer service to both Ms Pittilla and to Plaintiff Ray.

5

## IV. FACTUAL ALLEGATIONS

4.1    Plaintiff re-alleges and incorporates herein the preceding paragraphs of this pleading as though set forth in full.

**4.2    Plaintiff purchased ticket for international travel for his 'Passenger', Ms Pittilla, and simultaneously provided all required Passenger data to Defendant, Condor Airlines.**

Although Plaintiff's business was conducted with Defendant Condor Airlines, a 3rd PARTY transportation carrier, known as Lufthansa Airlines, became known to Plaintiff and was withheld from Plaintiff by intent and/or Defendant's policies until and made known to Plaintiff only following ticket purchase [designated LH903 on the ticket printout, EXHIBIT 1 ].   LH Flight 903 was scheduled to depart Heathrow Airport, London, England, and was to terminate at Frankfurt, Germany on the same date.  Defendant 'Condor' planned to utilize aircraft operated by Lufthansa in order to transport Passengers for London to Frankfurt.    Said utilization of 3rd party companies was not disclosed to Plaintiff during ticket purchase exchanges.  EXHIBIT 1 provides the complete aforementioned ticketing for Ms Pittilla, as relates to this Action.  Plaintiff's traveler, Pittilla, and Plaintiff Ray were compelled to purchase additional, newly issued tickets for passage when Defendant Condor Airlines, refused to honor the original tickets purchased by Plaintiff.    Subsequent to the purchase of the tickets.  Defendant has consistently refused to provide Plaintiff with any satisfactory explanation of any kind which necessitated the additional, duplicate purchases.  The additional, duplicate purchase amounted to a large sum of money and was substantially elevated by Defendant far beyond the original amount charged the Plaintiff, thereby inflicting additional financial injury to Plaintiff far beyond a regular fair ticket price.

Both Plaintiff and Ms Pittilla provided all necessary traveler data to Condor Airlines.  The act of purchasing a ticket, by it's very definition, requires the necessary Passenger data , with the exception of passport, to be supplied "up-front" and simultaneously with the ticket purchase.

**4.3** <u>Ticket purchase was via Defendant Condor Airlines, and no disclosure of any 3rd party involvement,  specifically no other party to this contract for services was made to Plaintiff during the transaction process nor any requirement for Plaintiff to contact a 3rd party was stated by Defendant either before or after ticketing.</u>

Purchase was made via Condor Air website.   Defendant identifies the aforementioned purchase as per Defendant's "File Key" **Number 7839660**-01. Defendant Condor uses the term FILEKEY as an identifier-descriptor for it's ticket numbering.  Purchased tickets clearly are stamped with the CONDOR AIRLINES letterhead, motif, & trademark [EXHIBITS **1** "FILEKEY  7839660-01", **2** "FILEKEY  7839660-02", **3** "FILEKEY 7934508-01", **4**  "FILEKEY 7839660-05" ].

 Plaintiff Ray had no contact with, nor had any reason to contact Lufthansa Air and was not directed by Defendant to contact Lufthansa for any reason during the ticketing, and indeed, throughout the entire travel process to which this Action applies;  therefore Plaintiff clearly understands that responsibility for the actions of airline employees at Heathrow, as detailed herein, are the sole responsibility of the party that Plaintiff was contracting with, namely Defendant Condor Air.

4.4 <u>Initial Cost of ticket Purchase Billed to Plaintiff Came to a Total Amount of $1,428.98</u> (One Thousand Four Hundred Twenty Nine US Dollars).
Purchase amount was $1,428.98. [ all currency amounts in this complaint are given in US Dollars.]  Included in the $1428.98 amount was a special surcharge in the amount of $266.44, not minimally or adequately defined by or explained to Plaintiff Ray by  Condor Air on Condor Air supplied documents.  An additional charge was made by the airline in the amount of $39.00. Defendant Condor Air does not describe or detail what the $39.00 cost represented; whether it was a service, a tax, fee, equipment, or other.

4.5  <u>Defendant Condor Airlines is solely responsible for claims and injuries described herein</u>.
Condor Airlines failed to report to Plaintiff any involvement of another party (airline) in the aforementioned air travel process.  Advertising, presentation of flight costs, and all financial procedures were transacted solely with Defendant Condor Air.  Therefore Plaintiff specifies herein that the sole defendant in these proceedings to be Condor Flugdienst GmbH.

7

4.6 **Plaintiff prepared his 'Passenger', Ms Pittilla in a thorough and adequate manner and to the best ability humanly possible in order to insure a problem-free travel experience**. Plaintiff reviewed and coordinated requirements with his Passenger, Ms Clover Pittilla, and specifically made certain:

(a) that Passenger arrived early as required by Defendant;

(b) that Passenger had on her person her valid British Passport;

(c) that Passenger had with her the electronic data compiled earlier by Defendant; and which Defendant had earlier emailed to Ms Pittilla;

(d) that Passenger obtained and showed her ESTA form to the correct airline agents at Heathrow Airport [EXHIBIT 7]. In exchange, Defendant, through it's designated agent and 3rd party entity, granted and provided Passenger a boarding pass which was intended to authenticate and guarantee travel from Heathrow to Frankfurt Germany (Defendant Condor Air's 'hub') and permit her (Ms Pittilla) to board and claim a seat on the relevant aircraft.

Upon arrival at Heathrow Airport Ms Pittilla immediately produced a hardcopy version of the electronic data and text she received from Defendant Condor Air and from Plaintiff and which would (supposedly) allow her to board and claim a seat on the aircraft, as Plaintiff Ray instructed her to do. These papers made up the paperwork that Defendant Condor Air had insisted the 'Passenger' must have in personal possession upon arriving at the airport, or more specifically at the ticket counter(s). Ms Pittilla presented these hardcopy ticket data sheets to Defendant or Defendant's representative at the Heathrow airport; however Defendant displayed no interest in seeing or in reviewing these forms and papers. The outset of confusion and incorrect instructions should be noted, as Defendant had earlier stated that Ms Pittilla must have the papers on her person for presentation at Heathrow. Yet when Ms Pittilla presented the ticket paperwork, those same papers were refused without cause or reason given. Therefore, Defendant's claims to require the papers to be compulsory were false and baseless. **Yet in the 'supposed' face of refusal of papers, Defendant Condor however presented Passenger with a boarding pass and directed her to the proper boarding gate. At the Boarding Gate, Ms Pittilla's boarding pass was seized and destroyed in her presence. Such behavior by Defendant Condor in such a simple and straightforward matter flies in the face of any reasonable logic**. Under the circumstances, the Defendant and/or Defendant's representative can only be viewed as acting with willful intent to inflict malicious damages and injury upon 'Passenger'.

8

Early in this matter and following ticketing, the Defendant supplied a number of particularly confusing electronic transmissions to Plaintiff.

The confusion actioned by Defendant was the result of several of Defendant's illogical, irrational, illegible and chaotic policies and actions, and these include:

1. the use of extremely short abbreviations, often composed of two (2) letters or less, to detail the flight information[EXHIBITS 1, 2, 3, and 4]; and,

2. a full page of Passenger information text written in a language foreign to the both the country of origin (England, U.K.) and to the country of destination (U.S.A.).

These abbreviations, as displayed on the aforementioned papers, cannot be understood except by an experienced airline employee or a very experienced traveler that has previously flown that same route. It is also intuitively obvious that much of the wordiness and paperwork contained within aforementioned documents [EXHIBITS 1, 2, 3, 4 and 5] is nothing more than useless fluff and reveals an outrageously careless and unreasonable business operational policy resulting only in subsequent confusion for the Passenger; only a careless and unprofessional operation could have produced the meaningless and mindless dribble as is contained therein.

In addition, Plaintiff clearly presented to Condor Air on a much earlier date, namely 25 July 2015, all details and personal data that Condor requested, which included current and valid U K Passport, Name, DOB, Gender, Address. Plaintiff also showed her passport to Defendant Condor or to Defendant's representative on 18 August 2015. Plaintiff Pittilla's passport clearly contained all necessary personal data to satisfy Defendant, Defendant's representative, Customs agents, and any agencies or government necessarily interjected into the Passenger processing. These presentations by Plaintiff are obvious and require no additional verification, else no air travel ticketing could have occurred.

The act of purchasing the air travel ticket, by it's very definition, requires the necessary Passenger data to be supplied simultaneously with the ticket purchase, as it was done in this case by Plaintiff and by additional data supplied before travel time by Ms Pittilla.

4.7 **Plaintiff's 'Passenger' cooperated fully and completely with Defendant and/or Defendant's representative** at Heathrow Airport despite receiving abusive and emotionally distressing treatment by Defendant.

9

Plaintiff has all assurances and reason to believe and to affirm that Passenger was a 100% cooperative Passenger in 'her' discussions with the Defendant and Defendant's representatives while at Heathrow Airport; there is no hint or evidence of any kind of altercation or unruly or disrespectful language on the part of the Passenger having occurred at any time while Passenger was in discussions with the Defendant at Heathrow; further, that if any dispute occurred, it is apparent to Plaintiff that any such circumstance was surely initiated and carried to extremes by Defendant or Defendant's representatives. Plaintiff thoroughly questioned Ms Pittilla about these specific events. Plaintiff has every reason to believe that Passenger is actually in fact characterized by a relaxed and intelligent, mature, reasonable and calm individual and that said traits are at all times exhibited in public. Plaintiff has extensive contact with Ms Pittilla that is far more than sufficient to confirm that she is cool under pressure and never resorts to behavior that initiates conflict.

### 4.8 **Defendant or Defendant's representative destroyed Plaintiff's traveler ticket-pass for travel at Heathrow Airport**.

In the chronology of events occurring at Heathrow Airport on 18 August 2015, and within a short time of being granted the boarding pass, an unknown Condor Agent or Condor representative took the boarding pass from Passenger and shredded it, confiscated the shredded remains, and declared by spoken word that Ms Pittilla was being denied a seat on the flight LH903. Said Boarding gate agent would provide no explanation to Ms Pittilla for the confiscation. Ms Pittilla presented to Defendant all necessary documentation for travel, even while Defendant falsely demanded illegitimate and fictitiously contrived documents (re: FACTS 4.9 herein) [ref: EXHIBIT **8**, Affidavit of Ms. C. Pittilla]. No Boarding Pass would have been produced and presented to Ms Pittilla if she had not met all requirements for travel.

### 4.9 **Plaintiff was unaware of these events for a number of hours after they transpired**.

Eventually, some hours later, Plaintiff contacted Defendant, one of a number of times, and discovered that Defendant made a case for destroying 'travelers' boarding pass by claiming that a form which the Defendant referred to as an "API" form had not been presented by 'Passenger'. Over a period of several days following that disclosure, Plaintiff had received no explanation, description, or information leading to understanding of the document that was in question, with regard to the "so-called" 'API' form. Upon telephone calls to the U S Embassy, United States,

and to the Transportation Safety Administration subsequently made by Plaintiff, it was discovered as per TSA agent testimony that the TSA has no requirement for any such document; that all that is required is for Passenger to correctly state NAME, DOB, GENDER. As of the current time, Plaintiff and Plaintiff's traveler still have no knowledge of such a form, it's format, it's purpose or content. Therefore Defendant Condor Air through it's Agent was clearly making false statements and deceiving 'Passenger', Ms Pittilla, and at a later time also deceiving the Plaintiff, regarding traveler documents and forms at Heathrow Airport.

4.10 **Defendant illegally allocated and assigned Ms Pittilla's seating to an employee of the airline (Condor Air or Lufthansa)**.

Plaintiff, after a number of calls to Condor Air, could not obtain any of the details of the events at Heathrow Airport, nor the chronology of events, or exchanges which occurred between Defendant Condor Air or Defendant's representatives and Ms Pittilla while Ms Pittilla was at Heathrow. Defendant simply refused to discuss this matter and deflected all Plaintiff's questions and, as in the case of Defendant Condor Air's Chicago, Illinois agent Mikeeta, simply hung up the telephone on Plaintiff while Plaintiff was in the process of discussing this matter and seeking answers to relevant questions.

 While continuing to telephone Condor offices without any forthcoming explanations in these matters, Plaintiff contacted a Lufthansa operation in Cape Town, South Africa. Lufthansa Airlines had records of this matter and of the aforementioned flights in their computer system. A discussion of this matter as it unfolded at Heathrow then followed during this conversation with Lufthansa agents. The female Lufthansa agent in Cape Town testified that she was looking at exactly the same computer screen as Defendant and that Defendant's computer could not have any information on it that differed from her's. Agent pointed out to Plaintiff that Condor Air had booked Plaintiff's (Passenger's) seat as what is known within the airline industry as a "ID STAFF" seat. The agent explained further that this means the seat was reserved for an airline employee. Therefore Defendant, by this testimony, gave away Passenger's seat or utilized it to enhance it's own wealth base, even after Plaintiff had paid the standard demanded rate of $1,428.99 USD for that seat.

4.11 **The Defendant demanded that Plaintiff repurchase tickets without any accompanying explanation**.

Plaintiff again immediately contacted Defendant Condor Air and was put on a telephone line with Defendant's agent EVELINE CERNAT. Ms Cernat stated that Defendant's demands are: (1) Plaintiff must forfeit the full fare for the trip from Heathrow London airport to Anchorage Alaska; (2) Plaintiff must search for a new flight in the weeks ahead and be prepared to pay from $750.00 to $1,000.00 for a new ticket. Agent Cernat [Defendant] refused to consider any cost adjustment concept which Plaintiff offered to propose and the 'agent' once again terminated the conversation before Plaintiff could obtain further information.

Approximately 24 hours or more after the afore-mentioned events at Heathrow airport, Defendant presented it's denial of any wrong-doing to Plaintiff and demanded that Plaintiff had only one method of obtaining transportation from Heathrow Airport to Anchorage Alaska for Ms Pittilla and that singular method involved complete repurchase of the ticketing. Defendant Condor Air insisted in a telephone conversation with Plaintiff that no refund of any amount of money would be made to Plaintiff. No alternatives leading to financial cost remuneration or adjustment of the damages suffered by the Plaintiff and by 'Passenger' Pittilla were considered by Defendant.

4.12 **Plaintiff was then forced to repurchase tickets at an elevated price**.

At about the same time, or 24 hours or more after the afore-mentioned events at Heathrow airport occurred, Plaintiff re-purchased air fares for Ms Pittilla at an additional cost of $921.00. This amount is in addition to the original amount purchased by Plaintiff for $1,428.00. Total monies expended by Plaintiff as direct costs and before other damages totals $ 2,350.00. A fair and equitable price for this ticket assuming it's necessity for purchase to be legitimate, which it was not, might have been a maximum amount of a few dollars, but Defendant insisted Plaintiff must pay an elevated price of $921.00.

4.13 **No basis can be found for Defendant's refusal of service; Defendant has refused all requests to discuss, explain or negotiate costs.**

Plaintiff's discussions with Defendant's representatives indicate that Defendant's agents at Heathrow Airport on the date of 18 August, 2015, initiated and staged verbal complaints about the supposed requirement for Ms Pittilla to provide:

Full Name;

12

D.O.B.;

Gender

The malicious intent of the Defendant's demand is evidenced by the fact that Ms Pittilla's ticketing process had provided this information much earlier, on 25 July 2015; further, Ms Pittilla's UNITED KINGDOM Passport clearly contains this information. That passport was a document that the Defendant and Defendant's agent(s) had in his face, so that there could have been no basis for denying Ms Pittilla boarding for the flights ultimately destined for Alaska.

Defendant further complained at Heathrow, that special TSA (Transportation Safety) papers must be completed by Ms Pittilla. However when Plaintiff subsequently telephoned the TSA in the United States with questions, it was disclosed to Plaintiff by the TSA representative that no such special paperwork was required; that in fact said items of data were supplied to Defendant Condor on 25 July 2015 by Plaintiff and that no further TSA requirement was left unsatisfied.

Whereupon, following Defendant's complaints relating to any fictitious or otherwise TSA requirements, it was discovered that Defendant had:

1) Submitted for publishing, and for installation in reservations computer an incorrect spelling of Ms Pittilla's name

   [ref: Exhibits 1, 2, 4, 10; Ticketing Documents];

   Such careless errors prevents lookup of needed information in the automated airline "system" as shown hereinafter.

2) Submitted for publishing, an incorrect DOB for Ms Pittilla;

3) Previously booked Ms Pittilla's seat 12G from Frankfurt to Anchorage Alaska for use by an airline employee. Lufthansa Airlines agents confirm this act of negligence to Plaintiff.

4) Incorrectly listed the Plaintiff as "Mrs Malcolm Ray" (German, "Frau").

5) Incorrectly listed the Passenger's surname as "Mrs." .

4.14 **Defendant would not supply answers to Plaintiff's questions which had been set out in correspondence dated November 5, 2016** [ ref: EXHIBIT 16] and refused to forward a settlement proposal to Plaintiff after Plaintiff sent a copy of proposed legal action on January 4, 2016 to Defendant [ref: EXHIBIT 17]. Defendant, instead, reversed his position on this dispute as explained later herein.

13

4.15 **Defendant's Ticketing Wordage is Excessive, Contains Grossly Excessive 'Fluff' and Hubris, Contains Confusing Abbreviations, and is a Virtual Collection of Ridiculous Legal Jargon Hubris and Serves only to Interject Confusion**.

1) LENGTH OF WRITTEN MATERIAL

Attention to the printed tickets required for this flight from Heathrow to Anchorage Alaska and return from Anchorage Alaska to Heathrow is requested by reference to the exhibits given in the table below. The following exhibits contained herein and listed below are copies of these tickets:

| | Defendant's PASSENGER TICKET File Number | Number Pages |
|---|---|---|
| EXHIBIT 1 | 7839660-01 | 10 |
| EXHIBIT 2 | 7839660-02 | 10 |
| EXHIBIT 3 | 7934508-01 | 10 |
| EXHIBIT 4 | 7839660-05 | 10 |
| EXHIBIT 11 | Additional Non Printable Information sent to Traveler | 3 |

The above-listed Exhibits make up a total of 43 pages of printed material. This material was forwarded by Defendant to a 19 year old to read and comprehend and requiring strict compliance to detail. On the face of it, this procedure is clearly irrational and the extreme preponderance of hubris contained therein rises to the level of a mockery of anything reasonable, and being contained within a business contract, is deliberately tortuous because of it's pure lack of reason and illogical demand put upon a traveler.

2) EXTENSIVE USE OF ABBREVIATIONS OF UNKNOWN MEANING TO PLAINTIFF

EXHIBIT 11 contains a list of abbreviations and confusing terminology used on the very first page of the ticket shown as EXHIBIT 1. These short abbreviations, totaling at least 34 by number, make for an extremely confusing traveler's ticket, such that Plaintiff and 'Passenger' are left holding a largely illegible and meaningless document. In order to understand the information that has been transmitted to the Plaintiff, a number of telephone calls at minimum, would have to be made to Defendant to secure the required information. Such a level of research and expenditure of resources by Plaintiff or "Passenger" exceeds anything remotely reasonable.

The further meaninglessness of the ticket documents is clearly shown by EXHIBIT 1.

14

Defendant has written on EXHIBIT 1 that his "FILE KEY NUMBER" is 7839660-01.
On the same document, Defendant states that his "FILEKEY" is "YJYP9P".
Therefore, taking the hypothetical approach for a moment, if Plaintiff were required to surrender a File Key upon request by any agent of the Defendant or Airport Employee, how would the Plaintiff (or 'Passenger') respond?
The "7839660-01" and the "YJYP9P" are listed by the Defendant as essentially the same and yet it is not possible that two (2) separate and unequal numbers can be described to be one and the same; not unless the Defendant had a faulty computer database system and only then could this use of two (2) separate numbers having the same purpose be tolerated if the Defendant had clearly noted such is the case on the document. Defendant simply doesn't know what he's doing in these circumstances and is delivering contractual information to travelers in a manner that is virtually impossible for the traveler to understand.

4.16 Defendant Condor agreed in writing on December 1, 2015 and again on December 3, 2015, to enter into a settlement with Plaintiff [ref: EXHIBIT 14 & EXHIBIT 15]; however on the date of February 8, 2016, Defendant Condor forced upon Plaintiff the necessity of litigation and all it's attendant costs and expense of resources by reversing it's position and refusing to enter into a dialogue leading to settlement [ref: EXHIBIT 13].

## V. CAUSES OF ACTION

### 1. FIRST CAUSE OF ACTION: Breach of Contract by Defendant

Plaintiff's purchase of air fare ticket represented a contract with Defendant requiring Defendant to provide the expected and advertised services. That advertised service was the safe and proper transportation of Passenger 'Pittilla" from Heathrow via Frankfurt Germany to Anchorage Alaska and to return Ms Pittilla from Anchorage Alaska via specific routes to Frankfurt Germany and finally to Heathrow Airport, United Kingdom. The airfare charged Plaintiff is not a trivial financial amount.

Plaintiff's only responsibility from the point of purchase forward in these matters was for Plaintiff to inform Ms Pittilla that she must check in at Heathrow Airport with her Passport at the specified time and date. Defendant had a clear duty to provide the contracted transportation services to Passenger.

Defendant blocked off Ms. Pittilla's assigned aircraft seat and therefore illegally secured Ms Pittilla's seat for it's own gain. Defendant utilized said seat under improper "ID STAFF" process, assigning the seat to it's employee, and by so doing committed an unjust and illegal breach of contract. That "contract" had been previously executed between the parties to this action by the very act of monies and paper and electronic files changing hands.

The agreement between the parties in the purchase of the air travel, does not permit the Defendant (carrier) to arbitrarily dispose of the Plaintiff's aircraft seating.

Defendant made no effort to inform Plaintiff prior to the date of the scheduled services that Defendant was confiscating Plaintiff's pre-purchased seat on the aircraft, nor would such information have been of any consequence since Defendant was intent on defrauding Plaintiff.

Defendant's breach of contract was committed for the singular purpose of increasing Defendant's net worth, with attendant infliction of injuries to the paid Passenger and Plaintiff.

As a result of Defendant taking Plaintiff's seat for Defendant's own use and by requiring Plaintiff's 'Passenger' to journey overland to an airport foreign to Plaintiff's traveler's domicile, Defendant inflicted damage, emotional injury, and financial losses to Plaintiff and to Plaintiff's 'Passenger', as well as simultaneously committing acts of negligence resulting in emotional distress to Plaintiff's 'Passenger' and also to Plaintiff as Plaintiff and 'Passenger' struggled from opposite sides of the planet to determine the meaning of all these unjust actions and attempted to find a way to remedy them. During that time period, Defendant refused to provide any assistance whatsoever toward a rational resolution which would result in satisfaction of both parties.

The monetary loss to Plaintiff and to Plaintiff's 'Passenger' amounts to $360.00 USD in direct costs before vehicle fuel and miscellaneous costs. The personal injury sustained by PASSENGER, when all aspects of distress, emotional injuries, embarrassment, return overland travel to base and caustic lack of any reasonable customer service care are reviewed, amounts to

16

an equivalent minimum reasonable monetary approximation of $40,000.00 US as of the current date, and before any further prosecution and litigation occurs.

The aforementioned direct costs ($360.00) are made against Plaintiff's finances since Plaintiff must provide a direct 1:1 refund to Plaintiff's 'Passenger'.

The transference of monies from Plaintiff to Defendant on 25 July 2015, and the Defendant's transmittal of and Plaintiff's receipt of said electronic statement of services to be rendered, represent a contractual obligation for Defendant to provide the services stated on the electronic, and identical hardcopy document/ticket.

Defendant failed to provide any of the stated services and left Plaintiff's 'Passenger' stranded in London England at Heathrow Airport.

These actions herein described above in FIRST CAUSE OF ACTION, clearly show that the Defendant is responsible for Breach of Contract prosecution, because Defendant failed to respect the contract for service existing between Plaintiff and Defendant, declined to provide the contracted services, and enhanced it's net worth by maliciously harming Passenger and made no effort, no matter how nominal, to correct the injustice.


2. **SECOND CAUSE OF ACTION: Fraud and Negligence**
The aforementioned facts detail that Defendant intentionally prosecuted a fraudulent and unjust attack on Plaintiff in the amount of $921.00 USD monetary value in air fare costs alone and before any other damages are considered.

Defendant committed acts of **fraud** and **negligence** through the demands made on Plaintiff's 'Passenger' for fictitious, unnecessary, frivolous, illegitimate and momentarily-contrived "claims for additional" papers, forms, documents or verifications which simply are not required for travel to Frankfurt Germany and on to Alaska, USA. These illegally-contrived demands were made for the sole purpose of enhancing Defendant's wealth base, which in fact did occur.

17

Therefore Defendant committed unlawful fraud as a result of Defendant's illegal, tortuous activities as heretofore presented by Facts [ref: 4.8 , re: 4.10, re: 4.12 and re: 4.13 above], and as noted in the preceding paragraph.

### THIRD CAUSE OF ACTION: Tortuous Actions, with Infliction of Emotional Stress

The Defendant's denial of contracted transportation services for Passenger unfairly caused severe loss, harm, and injury to Passenger and financial losses to both Plaintiff and Passenger. Defendent therefore must be held to legal liability.

Defendant irresponsibly and illegally:
1. Inflicted needless emotional distress upon Plaintiff's 'Passenger';
2. Refused all efforts by Plaintiff to enter into reasonable mediation between parties to:
   a) provide details the Plaintiff needed to understand the damaging events that Defendant carried out at Heathrow airport;
   (b) negotiate in good faith toward settlement for unnecessary costs borne by Plaintiff(s) due to Defendant's negligence, breach of contract and fraud;
   (c) negotiate settlement for emotional distress to Plaintiff;
3. made false statements to plaintiff by failing to disclose the tortuous "ID STAFF" issue by which Defendant illegally acquired a seat intended for Plaintiff's 'Passenger' and illegally forwarded monies to Defendant's base of wealth, and refused, and continues to both refuse to discuss with Plaintiff any and all aspects of said actions or to answer any of Plaintiff's questions about the incidents described herein.

### FOURTH CAUSE OF ACTION: Negligence by Defendant

Defendant altered Plaintiff's data provided to Defendant and declined to correct mistakes embedded within a computer driven traveler database even when advised a number of times by Plaintiff in telephone conversations with Defendant's "Alaska agent" [Exhibit 10, secured by Alaska Airlines, Sept 11, 2015]

18

Defendant's procedures with Defendant's third party company (Lufthansa Air) may also have been actions involving improper or ineffective communications, and constitute negligence in these matters.

Defendant's acts of negligence resulted in emotional distress to Plaintiff's 'Passenger' and to Plaintiff. On the one hand, Plaintiff's traveler, having been left stranded, experienced a breakdown in composure and confidence, assuming that through the manipulative and illegal actions of Defendant, she (Ms Pittilla) had *'displayed career failure'* to carry through on a verbal contract/agreement requiring her presence in Alaska, USA.

As a result of Defendant's unlawful actions, Plaintiff was also made to appear incompetent and unable to arrange for a simple travel itinerary that millions of persons experience yearly around the world; therefore Plaintiff was immediately cast in the role of bad guy and Plaintiff's relationship with Plaintiff's 'Passenger' was forever damaged.

Therefore both Plaintiff and Plaintiff's 'Passenger' experienced emotional distress and real injury directly relating to Defendant's negligent actions and excessive preponderance of caustic, malicious and uncooperative behavior.

**FIFTH CAUSE OF ACTION: Exceptional Tortuous Acts of Deceit by Defendant**

Throughout the aforementioned period of waiting for boarding at Heathrow Airport on the date of 18 August 2015, Plaintiff's 'Passenger' was assaulted by uncaring, especially caustic and obnoxious employees and representatives of Defendant in a manner indicating to Ms Pittilla (Plaintiff's 'Passenger') that she was highly suspect as a 'blacklisted, no-fly person, even a potential terrorist and made to constantly feel uncomfortable. **This shoddy, degrading, and clearly unnecessary treatment was carried out to the level of extremes through unacceptable and vulgar conduct by Defendant and Defendant's representatives, resulting in personal injury to 'Passenger'**.

Significant time periods directly related to Alaskan seasonal climate conditions and to personal health were forever lost by Plaintiff, and his efforts to conduct business on schedule were destroyed by fraud, breach of contract, and negligence committed by Defendant.

19

Scheduled activities which require those particular Alaskan summertime days were lost to Plaintiff. Much of Plaintiffs activities, at least 50%, which were planned around this travel activity resulted in additional monetary losses and costs, and the anticipated results of the travel that were intended by the entire endeavor were severely destroyed (again, at least 50%). Outdoor Photoshoots for new products were therefore unachievable as a result of the scrapping of the project plan due to loss of favorable weather conditions and schedule slippage. Plaintiff has been caused to bear the negative impact of loss of marketing imagery and advertising as a result of Defendant's unjust actions.

The itinerary for this activity incorporated an expected large number of individual photographs. Only a fractional amount, approximately 17% of the anticipated photographs were possible to obtain due to the seasonal disparity forced on Plaintiff and 'Passenger' by the changes in schedule made compulsory by Defendant's malicious actions and newly contrived delays in providing air transport. Therefore, in this context only 17% of the anticipated activities were completed and results of that 17% showed badly as a result of the Defendant's illegal actions in these matters, as described herein.

A requirement for a reasonable level of calm working relationships and a stress-free atmosphere needed to be in place between Plaintiff and Passenger in order to facilitate the business procedures and creative processes required to fulfill the Plaintiff's business needs. Both Plaintiff and Passenger's abilities to carry out assignments as planned were made vastly more difficult because of the destructive nature of Defendant's tortuous actions.

**SIXTH CAUSE OF ACTION: Tortuous Conduct by the Acts of Negligence in (1) Placing Plaintiff Under the Burden of Forty-Three (43) Pages of Ticketing Textual Information and with as Many as 34 or more Instances of Confusion by Incomprehensible Abbreviations ; (2) Presenting Plaintiff with a Document Containing a Number of Errors and then Refusing to Correct any of those same Errors after they were called to the Attention of Defendant by the Plaintiff.**

20

**1. Burden of Unnecessary and Excessive Hubris is Beyond all Reasonable Standards:**
As shown by **EXHIBIT 9**, the Passenger's needs and requirements would have been served adequately by a single half-page of data. Should baggage information have been required in great detail for Passenger, then a mere paragraph or extra 2nd page at most, would have rendered the entire process to be complete and entirely adequate. Instead the Defendant loaded down traveler and Plaintiff with 43 pages of mostly irrelevant, but contractually demanding and superfluous text mostly set forth in fine print. The result is a pile of paperwork so onerous and impossible to decipher as to force the entire ticketing process to rise to the level of a tort; negligence and incompetence by Defendant are clearly seen to be pervasive, unjust and unfair behaviors in these matters.

Some ticketing data was even non-legible; and other data was set up in a language foreign to countries discussed in the matters considered herein.

**2. Negligence in Ticket Development is Excessive and Defendant Refused to Correct Mistakes that Defendant Made [Ref: EXHIBITS 1, 2, 3, 4, & 5]**

A list of readily apparent mistakes made by Defendant on ticketing data includes:
1. Time of day is noted without any descriptive formatting legend detailing the meaning of the time format used by Defendant; indeed, the numbering system which **may be** time stamp information is not even labeled or described as 'time' making it therefore impossible without additional explanation to know that it is a measure of time;
2. First and Last Name of Passenger is not properly noted. There is no descriptive information to indicate which is a last name v. which is first name of Passenger;
3. The Plaintiff is described on the ticket as a married woman; while in fact he is a single man;
4. The 'Passenger' / Passenger is described on the ticket as a married woman whereas she is a single woman;
5. As discussed previously, the 'Passenger' / Passenger name is misspelled, with the damaging result that Passenger's ticket information cannot be found in the airline system. Alaska Airlines attempted to find it and failed, but eventually supplied Plaintiff with their results that were obtained by trying numerous combinations of variations on the data and requiring considerable time at the ticket counter.

The Defendant's negligent policies of passing through incorrect information and the Defendant's policy of piling on vast quantities of printout upon the Plaintiff and 'Passenger' make it quite obvious that the Passenger's ability to physically negotiate the airport environment and secure the contracted service of transportation to Alaska was greatly impaired.

The additional failure by Defendant to provide any measure of customer service as well as the caustic, uncaring and abrasive attitudes displayed by the Defendant during the travel program described herein clearly display an attitude of negligence by Defendant, and have inflicted emotional stress upon both traveler and Plaintiff. These rather immoral, unfair, and unjust actions and failures to abide by any realistic customer service ethic by Defendant easily rise to the level of unacceptability, unfair behavior, and unjust acts rise to the level of a tort.

No human travels great distances, whether by automobile, train, boat, or air or otherwise without securing the assistance of another person. A scenario that is totally devoid of any traveler assistance would be an event that is beyond the realm of possibility.

In this case, the 'Passenger' (and Plaintiff) had paid non-trivial and substantial sums of money for the service as well and should have been able to count upon a reasonable level of services with her questions and needs.

All of the previous complaints outlining the preponderance of errors made by the Defendant as well as the overwhelming quantities of superfluous hubris the Defendant produced in ticketing information and Defendant's lack of customer support for the 'Passenger' rise to the level of a tort or multiple torts.

### SEVENTH CAUSE OF ACTION

Defendant wrote to Plaintiff in a letter or email dated 12/1/2015 and again on 12/3/2015, [Ref: EXHIBIT 14 and EXHIBIT 15] and agreed to settle Plaintiff's complaints. Plaintiff then invited Defendant to submit a proposal for settlement. Several weeks later Defendant wrote to Plaintiff on the date 2/8/2016 [Ref: EXHIBIT 13] and stated that Defendant would not agree to settlement of any kind.

Through this final negative reversal in "position", Defendant therefore greatly increased Plaintiff's costs, and due to Defendant's refusal to hold true to the written promise dated 12/1/2015, to settle this matter, Plaintiff's costs in time, resources, and miscellaneous costs were escalated.

It is noteworthy that Plaintiff and 'Passenger' were held to very high standards which Plaintiff and 'Passenger' negotiated without error or fault and to highest standards of conduct and with zero tolerance for any minor mistake oversight; and that **Defendant, however, failed to meet simple expectations and yet confiscated Plaintiff's funds without remorse and without a plan to reimburse Plaintiff. It is obvious and it is absolutely clear that Defendant and PASSENGER (as well as Plaintiff) were held to two totally different standards of conduct by Defendant, and that Defendant utilized this by committing breach of contract, fraud and negligence.**

23

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having asserted his claims for relief now prays for judgement as follows, where monetary amounts are based upon immediate admission of guilt to all five (5) major claims:

COMPLAINT 1:

1. (A) For Judgement and decree recognizing Defendant is in fact guilty of illegal Breach of Contract. Defendant refused to supply the purchased services, and did so without just cause, with no consultation and with intent to inflict injury, harm, distress, embarrassment and for the sole purpose of illegally enhancing Defendant's net worth;

 (B) For award of actual material monetary loss of Re-Booking by Plaintiff of $921.00 USD;

 (C) For award of actual material monetary loss by Passenger of $360.00 British Pounds;

 (D) For award of $44,000.00 USD to Passenger representing remuneration for distress, serious emotional injury and embarrassment;

 (E) For award of $ 9,000.00 USD to Plaintiff for loss of sales as directly related and described herein due to inability to complete tasks for which entire air travel event was planned;


COMPLAINT 2:

For award of Plaintiff's reasonable fees, legal costs, and miscellaneous telecoms, office and office equipment and for road and / or air travel necessitated in the prosecution of this complaint, to be computed when litigation is completed;


COMPLAINT 3:

For Plaintiff's time and labor accrued as of the date of January 1, 2016, to a reasonable amount, which already amounted to a cost to Plaintiff of 85 hours of work computed at an hourly rate of $230.00 per hour, or $19,550.00 USD;


COMPLAINT 4:

For punitive damages as a result of negligent infliction of emotional distress unnecessarily inflicted upon a 19 year old woman (age at time of infractions) in an amount as the Court shall decide, to be paid directly to Plaintiff's 'Passenger', Ms. Clover Pittilla, by Defendant;

24

COMPLAINT 5:

For award of Plaintiff's additional labor and related costs of litigation beginning on this date of filing as given herein, and to be computed at the conclusion of litigation;

COMPLAINT 6:

10. For monetary award sufficient to satisfy any verified complaints of the 'Class' if said complaints should come to the attention of the Court;

COMPLAINT 7.

For an order requiring Defendant to:

(A) make written, public apology to Plaintiff and Passenger for "it's" breach of contract actions;

(B) make specific apology to Passenger for deluging Passenger with ridiculous excessive pages of mindless dribble hubris and demanding perfect adherence to all of the same published and frequently unintelligible fluff;

(C) make specific apology to Passenger for Defendant's total abandonment of Passenger at Heathrow Airport.

25

## CERTIFICATION OF PARTIES

The Plaintiff certifies that as of the date given below, other than himself and Ms Clover Pittilla, there are no other interests to report, although it is apparent that Defendant's substandard customer service has historically made victims of scores of other travelers.

DATED: _____

RESPECTFULLY SUBMITTED:

_____

PLAINTIFF

Malcolm G. Ray

22625 Lake Hill Dr
Chugiak Alaska 99567
Tel: 907/688-3332

COUNSEL: None

## CERTIFICATION OF SERVICE

Plaintiff certifies that per Alaska Rule of Civil Court 3 (a) the Defendant is in the process of being served and that service is verifiable by RETURN RECEIPT FOR INTERNATIONAL MAIL. Defendant my also be served by FAX to: +49 6107 939 7905 (Germany). Legal Counsel for Defendant has previously identified herself to Plaintiff as Ms Verena Schreiber and is documented on EXHIBITS 14 and 15 herein. Defendant has also been served with a preliminary rough draft of Complaint on 1 November 2015 at FAX Number: 011 49 6107 939 7440 and Defendant responded to that document, indicating that this FAX number is also within the facilities staffed by the Defendant.

26

Notice [re: Mail Address of Defendant]:

Correspondence received from Ms Verona Schreiber, who identifies herself as LEGAL COUNSEL for CONDOR Flugdienst GmbH provides the following mailing address as appearing both on her letterhead and on her envelope:

**Condor Flugdienst GmbH**
**Rechtsabteilung**
**Condor Platz**
**D-60549 Frankfurt am Main**
**Germany**

The Plaintiff therefore will serve the Complaint by mail service to the above address provided by the Defendant.



**EXHIBIT 1**
Malcolm Ray v Condor Flugdienst



Part of the Thomas Cook Group

CONDOR FLUGDIENST GMBH
Condor Individuell
Thomas-Cook-Platz 1
D - 61440 Oberursel
Tel. +1 866 960 7915
reservation.en@condor.com

FRAU
MALCOLM RAY
RAY MUSIC INSTR. & EAGLE OIL CORP

22625 LAKE HILL DR
US-99567 CHUGIAK

| conf. date 25.07.2015 | | agency no. 50065 | | file key **7839660-01** | |
|---|---|---|---|---|---|
| adu. | chd. | inf. | departure | return | |
| 1 | 0 | 0 | 18.08.15 | 06.09.15 | |

## Booking-Confirmation (Internet) / INVOICE

```
pos tit  name                      age  remark                             amount
-----------------------------------------------------------------------------
  1 Mrs. PITILLA/CLOVER                                                   1,123.54
                         Taxes, fees and other surcharges       266.44
                              in total
                                                              ------------
                                       total amount USD       1,389.98
```

Details of Taxes, fees and other surcharges

```
Travelers      Taxes, fees and other surcharges
                         per traveler in detail

1              266.44 USD    GB GBP 69.00 UB GBP 28.30 RA EUR 19.22
                             US USD 17.70 XA USD 5.00 XY USD 7.00 YC
                             USD 5.50 AY USD 5.60 US USD 17.70 XF USD
                             3.00 DE EUR 8.24 RA EUR 19.22
```

```
Passenger                    Service

1              at  18.08.15  LONDON HEATHROW - FRANKFURT INT.
                             T  LH 903 10:30 - 13:05 (1:35h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
                             FRANKFURT INT. - ANCHORAGE
                             M  DE 2066 14:35 - 14:15 (9:40h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
1              at  06.09.15  ANCHORAGE - FRANKFURT INT.
                             M  DE 7067 14:40 - 10:25+1 (9:45h)
                             SPO = Classic
```

```
                        Economy Class
                        baggage incl.: PC
         07.09.15       FRANKFURT INT. - LONDON HEATHROW
                        T  LH 906 12:00 - 12:40 (1:40h)
                        SPO = Classic
                        Economy Class
                        baggage incl.: PC
                        Filekey: YJYP9P
Secure Flight details need to be provided
before departure.

LH = Lufthansa
DE = Condor
```

***NOTIX - YOUR RESERVATION CODE IS 7839660-01 ***

Classic: Please note the special cancellation and rebooking conditions.

Schedule and routing subject to change without notice.

Booked by  Malcolm Ray at 25.07.15 through Internet.

Your customer number is: 6730393

A free baggage allowance of one baggage item weighing max. 23 kg in Economy Class or 32 kg in Premium Economy Class applies to flights from/to USA/Canada. In our Business Class the free baggage allowance is 2 pieces with maximum 32kg each.

Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA). For further information please go to http://www.condor.com/eu/country-info/current-travel-info.jsp.

Please note the following advice, that Condor is obliged to indicate by the TSA: The Transportation Security Administration (TSA) requires you to provide your full name, date of birth, and gender for the purpose of watch list screening, under the authority of 49 U.S.C. section 114, the Intelligence Reform and Terrorism Prevention Act of 2004 and 49 C.F.R. parts 1540 and 1560. You may also provide your Redress Number, if available. Failure to provide your full name, date of birth, and gender may result in denial of transport or denial of authority to enter the boarding area. TSA may share information you provide with law enforcement or intelligence agencies or others under its published system of records notice. For more on TSA privacy policies, or to review the system of records notice and the privacy impact assessment, please see the TSA Web site at www.tsa.gov.

For data protection reasons, the date of birth and redress number will not appear on the booking confirmation.

The collection of your data for the "Secure Flight" program is valid for your booked Condor flight, including all legs operated by associate airlines. To enter your data into the API Data Form only state the Condor leg.

**Important Information concerning your outbound flight**
CHECK-IN: Lufthansa

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 2 hours prior to departure.

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the

internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

**Important Information concerning your return-flight**
CHECK-IN: South Terminal

CLOSING DATE: You are reminded that you have to finalize your check-in procedure and have to possess your boarding-card 60 minutes prior to departure at the latest. Principally we recommend to be at the check-in 3 hours prior to departure.

LATE NIGHT CHECK-IN: not possible

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

REBOOKING OF THE RETURNFLIGHT: You can rebook your returnflight according to the rate until one day prior to departure around the clock by phone, calling +49 6171 6988910.

ATTENTION: WE PLEASE YOU TO BE PRESENT 3 HOURS PRIOR TO DEPARTURE AT THE CHECK-IN DESK.

**Special note for ticketless travel TKNE/NOTIX: At the Check-in, please**
have at hand this booking itinerary and a valid passport/personal identification card for all passengers, including children and infants. If you have booked a feeder with one of our partner-airlines an electronic-ticket will be issued for this flight. Please check and observe the visa and entry requirements for the country of destination and any transit countries!! Check-in deadline: The passenger strictly needs to observe the dead- line of 120 minutes on all outbound and inbound flights (180 minutes on flights to the U.S. and Canada). If the passenger has not reported to the Check-in within this time, the airline is authorized to alternatively dispose of the seat. Please be aware that more restrictive security measures concerning hand luggage on flights to and from the USA are in place. Please inform yourself by your Travel Agent or on our website WWW.CONDOR.COM.

The published flight times can to a reasonable extent be subject to changes for flight operating reasons. Condor will endeavor to keep changes in flight times to a minimum and inform all passengers of them as early as possible.

Free baggage allowance: The free baggage allowance specified above is per person, not per seat.

**Liability:**
Liability is governed by the Montreal Convention of 28 May 1999 and the Warsaw Convention of 12 October 1929 or as amended at The Hague in 1955. These conventions limit liability for damage to baggage, loss of luggage or delayed arrival of baggage (maximum of 1,131 SDRs/approx. EUR 1,332) as well as for delays (maximum of 4,694 SDRs/approx. EUR 5,528). If the value of your baggage exceeds the above stated amount, you should ensure that it is covered by other insurance prior to departure. There is no limitation on the liability of EU airlines for death or bodily injury. In the event a passenger suffers a loss of up to 113,100 special drawing rights (SDRs), or approx. EUR 133,200, it cannot be proven that the party suffering the loss was partially or completely at fault for causing the damage. If you have plans to use a different airline as your carrier during your journey, their limits of liability shall apply.

Payment by Credit Card.

**The general terms and conditions for transportation can be viewed at**
www.condor.com, by your Travel Agent or at any Thomas Cook Service desk.

Reservation booked through:
CONDOR FLUGDIENST GMBH
THOMAS-COOK-PLATZ 1
61440  OBERURSEL
Tel: 0018669607915
e-mail reservation.en@condor.com

Legal notes regarding taxes:
service according to Par. 25 UStG (German Sales Tax Code)
Cross-border passenger transportation according to Par. 26,3 UStG
(German Sales Tax Code).
Tax no.: 003 246 44120

Taxes/commercial fees include any applicable taxes, fees or other
charges as may become due in the applicable currency of any relevant
jurisdiction.

Please be reminded of the handluggage-rules concerning the carriage of
liquids. Info on www.condor.com

Thank you very much for your reservation!
We wish you a pleasant flight.

****************************************************************************************************
**The General Terms and Conditions apply and can be viewed online at**
**http://www.condor.com/us/help-contact/terms-and-conditions.jsp**

****************************************************************************************************


Part of the Thomas Cook Group

Condor Flugdienst GmbH- Condor Individuell Thomas-Cook-Platz 1 • D- 61440 Oberursel

**Condor Flugdienst GmbH**

Condor Individuell
Thomas-Cook-Platz 1
D- 61440 Oberursel
Telefon +49 (0) 6171 - 69 88 922
Telefon +49 (0) 1806 - 707 606
E-Mail: sonderreservierung@condor.com

MALCOLM RAY
22625 Lake Hill Dr
99567 Chugiak

**Reservierungsbestätigung / Rechnung** für Sonderleistungen - zur Vorlage am Check-in
*Confirmed reservation / Invoice for special services - to be presented at check-in*

**Buchungsnr. / *Booking No.*:**
CFI 7839660

**Int. Vorgang / *Int. Ref.***
1507250014

**Passagiere / *Passengers* (ID):**
P1 MRS PITILLA, CLOVER

| ID: | Code: | Leistung / *Service:* | Zahlungsstatus / *Payment status:* | Preis / *Rate:* |
|-----|-------|----------------------|-----------------------------------|-----------------|
| DE | 2066 | 18.08.2015 FRA - ANC / Economy | | |
| P1 | SEAT | 12G | Paid / Paid | 39.00 USD |

| | |
|---|---|
| Gesamtpreis abgerechnete Leistungen / *Amount of debited services:* | 39.00 USD |
| Gesamtpreis offene Leistungen / *Amount of services to be debited:* | 1) siehe /see www.condor.com |

e Zahlung erfolgt gemaess der vereinbarten Zahlungsmethode. Zahlungsempfaenger ist die Condor Flugdienst GmbH /
Payment shall be made in accordance with the agreed payment method. Payee is the Condor Flugdienst GmbH



DEUTSCHES INSTITUT
FÜR SERVICE-QUALITÄT
GmbH & Co. KG

**1. PLATZ**
**Beliebteste**
**Fluggesellschaft**
Kundenbefragung Dez. 2012
7 Unternehmen
www.disq.de
Privatwirtschaftliches Institut

n-tv

## You have registered a special service - here some important information in advance:

### 1. Generally

  a. If you booked your flight through a tour operator, please note that your special service reservation is not part of your tour operator booking. Please inform us about any changes in your tour operator booking, so that we can adjust your special service reservation.

  b. The granted permission is only valid for the above-mentioned Condor flight(s) with a Condor flight number "DE" and Condor aircraft. In case of any changes in your reservation or if you cancel your reservation the permission has to be granted again.

  c. The above-mentioned transport-permission is based on the current terms of transportation. Further information can be found at www.condor.com.

  d. Condor reserves the right to exchange an advance seat reservation with one of a similar type within the booked class of service.

  e. In case of non-compliance with the mentioned conditions of conveyance or in case you intentionally have given wrong information concerning the weight or dimensions, our Check-in staff and the flight crew is entitled to refuse to carry the pet / excess baggage / bulky baggage / sports equipment or child restraint system on-board even if it has been confirmed. The airline company cannot be held responsible for any damage incurred directly or indirectly as a result.

  f. In accordance with international agreements, airlines habe limited liability for luggage that is handed in. Therefore we would advise you in your own interest to take out separate insurance to avoid having insufficient coverage should a claim have to be made.

  g. If you use feeder and connecting flights, the entire route is governed by the first operating airline's terms and conditions. Please contact the operating airline directly for details about the terms. Special information for Lufthansa feeder and connecting flights can be found at www.condor.com.

### 2. Prices, fees and charges

  a. Detailed information concerning prices, fees and charges can be found at www.condor.com.

### 3. XL-Seats (seats in an emergency exit row)

  a. For safety reasons seats in an emergency exit row can only be assigned to passengers who could assist and would not interfere the crew in case of an evacuation from the aircraft. For this reason we have to exclude the following group of persons from XL-Seat:

    - Infants and children under the age of 12
    - Persons traveling with infants or children under the age of 12
    - Persons with pets or guide dogs
    - Pregnant women
    - Physically and/or mentally handicapped passengers
    - Persons who because of age or sickness have difficulty in moving quickly.

  b. For safety reasons our Check-in staff and the flight crew are required to verify your suitability for an XL-Seat. Our personnel reserves the right to move you if appropriate. In case you intentionally have given wrong information a refund of the reservation amount is not possible.

### 4. Unaccompanied minor

  a. To make sure that nothing goes wrong, we ask you for the full details (name, address, telephone number) of the person or people accompanying the child to the airport, and meeting him or her at the destination. If you cannot present the correct contact-details at the check-in counter we cannot accept the child as an unaccompanied travelling child.

  b. For the person accompanying the child photographic identification is required. Further information can be found at www.condor.com.

### 5. Barrier-Free Travel

  a. In case that you are travelling alone or alone with your dog, please inform the Check-in staff to assure an escort-service to the gate. Priority boarding (preboarding) is available at most airports

  b. We provide wheelchairs free of charge for use on-board. Please note that cabin crew are only able to assist passengers from their seat to the toilet door. Any further assistance can only be provided by a suitable escort.

  c. For reasons of space, passengers' wheelchairs will be checked into the aircraft hold; they are not considered as part of the passenger's baggage allowance.

  d. Electric wheelchairs with a dry battery will be carried provided that the battery cable connections are disconnected, the battery poles are isolated, and the battery is firmly attached to the wheelchair. For safety reasons, electric wheelchairs with a non-leak proof wet battery will not be transported.

### 6. Sports equipment

  a. The flat rate applies for one item of sports equipment up to max.30 kg (including package), each additional kg is charged as excess luggage at the rate applying at the given time. Bikes only will be transported if packed. We recommend a bike bag/box.

  b. Please note: we regret that highly sensitive items (like canoe or kayak) can only be transported on presentation of a signed disclaimer of liability at the Check-in counter.

### 7. Excess baggage / Bulky baggage / Cabin baggage on extra seat / Baggage Allowance Packages

  a. The registered excess baggage / Bulky baggage / cabin baggage on extra seat should not differ from the confirmed extent and content.

  b. The Cabin baggage on extra seat has to be fixed on the extra-booked seat.

  c. The confirmation for non-flammable gas cylinders attached to a life jacket must be put into the suitcase together with the life jacket.

8. **Sporting weapons**

   a. Weapons or objects that may be used as a weapon can only be transported in checked baggage.
   b. They must be packed to resist breakage and knocks (standard commercially available firearms bag or case) and must not be loaded.
   c. A maximum of 5 kg of ammunition (Division 1.4S, UN0012 or UN0014) for hunting or sporting weapons may be taken in a passenger's checked baggage, transported in the aircraft hold. This does not apply to ammunition with explosive or fire-producing bullets.

9. **Child restraint system for using on-board**

   a. For safety reasons only certain seats are intended for use with child restraint systems, therefore the child restraint system is only to be secured to the booked and reserved aircraft seat.
   b. The passenger is responsible for using and fastening the child restraint system on-board correctly.

10. **Pets**

    a. Pets are only allowed travelling accompanied by a passenger.
    b. Information on import regulations, border documents (e.g. blue EU pet passport), official veterinary health certificates, vaccinations, customs regulations abroad, appropriate containers etc. must be obtained in all cases by the passenger himself or herself.
    c. You are able to take pets weighing 6 kg and less (incl. container) with you into the cabin. The dimensions of the container (air-permeable and waterproof) may not exceed published hand luggage dimensions (55x40x20cm). The pet should not be able to poke out of the container and may not be taken out during the flight. The container must be stowed safely at the passenger's feet.
    d. Pets in hold may only be conveyed in such containers as comply with the requirements set out in IATA's Live Animals Regulations. The pet concerned must be able to stand upright without its head or ears touching the roof of the given container (cage). It must be able to turn around and lie down in a natural position. Water and food must be provided in appropriate containers, while the cage must be stable and clean, have a waterproof base and be lined on the inside with absorbent material.
    e. Ill or injured pets, young pets still reliant on their mothers as well as pets that are likely to give birth on board or gave birth less than 48 hours prior to the flight are excluded from conveyance. Pets that have been tranquillised must react when spoken to. The following pets are generally excluded from conveyance: breeds of fighting dog (pit bull terrier, American pit bull, Am. Staffordshire terrier, Staffordshire bull terrier, bull terrier, Am. bulldog, dodo Argentino, fila Brasileiro, kangal (karabash), Caucasian owtscharka, mastiff and mastino Napoletano), hamster, mice and guinea pigs.

---

**Sie haben eine Sonderleistung reserviert - einige wichtige Hinweise vorab:**

1. **Allgemein**

   a. Sofern Sie einen Flug ueber einen Reiseveranstalter gebucht haben, beachten Sie bitte, dass Ihre Sonderreservierung nicht Bestandteil Ihrer Veranstalterbuchung ist. Im Falle einer Aenderung Ihrer Veranstalterbuchung bitten wir Sie, uns hierueber zu informieren, um IhreSonderreservierung entsprechend anpassen zu koennen.
   b. Die erteilte Genehmigung gilt nur fuer o.a. Condor Fluege mit Condor Fluggeraet und Condor Flugnummer. Bei Umbuchung oder Stornierung durchdenPassagier erlischt diese Genehmigung und ist neu zu beantragen.
   c. Es gelten die z. Zt. gueltigen Befoerderungsbedingungen, welche Sie unter www.condor.com ausfuehrlich nachlesen koennen.
   d. Condor behaelt sich vor, die Platzreservierung auf gleichwertige Sitzplaetze zu aendern.
   e. Die Mitarbeiter am Check-in sowie das Bordpersonal behalten sich trotz bestaetigter Buchung vor, bei Nichteinhaltung der z. Zt. gueltigenBefoerderungsbedingungen oder Falschangaben bezueglich des Gewichtes oder der Massangaben, den Transport des Tieres / Uebergepaecks / Sperrgepaecks / Sondergepaecks / Sportgepaecks beziehungsweise die Nutzung eines Kindersitzes an Bord zu verweigern. Fuer dadurch eventuell entstehende Schaeden oder mittelbare Schaeden kann die Fluggesellschaft nicht verantwortlich gemacht werden.
   f. In Uebereinstimmung mit internationalen Abkommen haftet die Fluggesellschaft nur in beschraenktem Masse fuer aufgegebenes Gepaeck. Wir empfehlen Ihnen in Ihrem eigenen Interesse daher, eine separate Versicherung abzuschliessen, um im Schadensfall einer Unterversicherung vorzubeugen.
   g. Bei Nutzung von Zu- und Abbringern gelten fuer die gesamte Strecke die Befoerderungsbedingungen der ersten ausfuehrenden Fluggesellschaft. Bitte informieren Sie sich ueber die jeweiligen Bestimmungen direkt bei der ausfuehrenden Fluggesellschaft. Ueber die Sonderregelung fuer Zu- und Abbringerfluege mit Lufthansa informieren wir sie gerne unter www.condor.com.

2. **Gebuehren und Bearbeitungspauschalen**

   a. Gebuehren und Bearbeitungspauschalen entnehmen Sie bitte unseren Informationen unter www.condor.com.

3. **Rail & Fly**

   a. Das Rail & Fly Ticket gilt nur in Verbindung mit einer Condor Flugbuchung auf allen Strecken der Deutschen Bahn AG in allen fahrplanmaessigenRegelzuegen (inkl. ICE, IC/EC). Der Flug muss im Rahmen des Nurflug-Programmes von Condor (Condor Individuell) gebucht sein. Rail & Fly ist nicht mit einer Veranstalterreise kombinierbar.
   b. Ihren DB Fahrschein erhalten Sie wie Ihre Condor Reservierungsbestaetigung fuer Sonderleistungen direkt nach Buchung automatisch per E-Mail als PDF- Dokument. Stellen Sie bitte sicher, dass Sie dieses DB PDF-Dokument mit der E-Mail erhalten. Sollte dies nicht der Fall sein, so kontaktieren Sie bitte umgehend unser Service Center.
   c. Das Rail & Fly Ticket (PDF- Dokument) ist nur gueltig in Verbindung mit Ihrem Condor Flugticket. Bei Missbrauch behalten wir uns eine Nachbelastung vor. Bitte beachten Sie, dass nur diese original PDF-Dokumente von Ihnen auf DIN A4 ausgedruckt und unter Vorlage derangegebenen Identifizierungskarte (Kreditkarte, EC-Karte, Bahncard) als Ticket- und Zahlungsnachweis im Zug akzeptiert werden. Kopierte oder nachtraeglich gefaxte Dokumente werden von der Deutschen Bahn nicht akzeptiert.

4. **XL-Seats (Sitzplaetze in der Exit-Reihe)**

   a. Aus Sicherheitsgruenden duerfen am Notausgang ausschliesslich Personen sitzen, die dem Bordpersonal im flugbedingten Notfall behilflich sind. Aus diesem Grund, bedingt durch Sicherheitsauflagen der Behoerden, darf folgender Personenkreis nicht am Notausgang sitzen:

      - Babys und Kinder unter 12 Jahren
      - Personen, die mit Kindern unter 12 Jahren und Babys reisen
      - Personen, die Tiere in der Kabine mitfuehren
      - Werdende Muetter
      - Koerperlich und/oder geistig behinderte Personen
      - Personen, die durch ihre Koerpermasse, Krankheit oder aus Altersgruenden eingeschraenkt beweglich sind.
   b. Das Check-in Personal sowie das Bordpersonal sind aus Sicherheitsgruenden dazu verpflichtet, Ihre Eignung fuer einen Notausgangsplatz zu ueberpruefen und behalten sich das Recht vor, Sie ggf. umzusetzen. Bei Falschangaben Ihrerseits ist eine Erstattung der Reservierungsgebuehr nicht moeglich.

5. **Allein reisende Kinder**

   a. Bitte halten Sie die folgenden Daten am Check-in des jeweiligen Abflughafens bereit: vollstaendiger Name sowie Adresse und Telefonnummer der bringenden und der abholenden Person. Wenn diese Daten am Check-in nicht hinterlegt werden, koennen wir das Kind nicht als alleinreisendes Kind akzeptieren.
   b. Eine Identifikation der Begleitperson erfolgt anhand eines gueltigen Lichtbildausweises. Weitere Informationen erhalten Sie unter www.condor.com.

6. **Barrierefrei Reisen**

   a. Falls Sie allgemein oder alleine mit Ihrem Blindenhund reisen und Hilfe benoetigen, melden Sie sich bitte zu den vorgeschriebenen Meldezeiten vor Abflug am Check-In, damit wir einen Begleitservice zum Flugsteig sicherstellen koennen. Ein bevorzugtes Einsteigen (Preboarding) wird an den meisten Flughaefen angeboten.
   b. An Bord unserer Flugzeuge stellen wir kostenlos einen Rollstuhl zur Verfuegung. Bitte beachten Sie, dass die Hilfestellung der Flugbegleiter nur fuerden Weg vom Sitzplatz bis zur Toilettentuer gegeben werden darf. Darueber hinausgehende Hilfestellungen koennen nur durch eine Begleitperson erfolgen.
   c. Fluggasteigene Rollstuehle werden ohne Anrechnung auf das Freigepaeck des Fluggastes aus Platzgruenden ausschliesslich als aufgegebenes Gepaeck im Laderaum befoerdert.
   d. Elektrorollstuehle mit Trockenbatterie werden befoerdert, wenn die Kabelanschluesse von der Batterie abgeklemmt, die Batterie-Pole isoliert wurden und die Batterie fest auf dem Rollstuhl montiert ist. Elektrorollstuehle mit nicht auslaufsicherer Nassbatterie werden aus Sicherheitsgruenden nicht befoerdert.

7. **Sportgeraete**

   a. Die Pauschalrate gilt nur fuer ein Sportgeraet bis 30 kg inklusive Verpackung, darueber hinaus ist die Uebergepaeckrate zu zahlen. Fahrraederkoennen nur verpackt befoerdert werden. Wir empfehlen als Verpackung Fahrradkoffer oder – taschen.
   b. Wir bitten um Verstaendnis, dass wir hochempfindliche Sportgeraete (Kajak/Kanu) nur dann befoerdern koennen, wenn sie uns die anbei mitgesandte Regressverzichtserklaerung unterschrieben am Check-in vorlegen.

8. **Uebergepaeck / Sperrgepaeck / Sondergepaeck zum Transport in der Kabine / Freigepaeckpakete**

   a. Das angemeldete Uebergepaeck/Sperrgepaeck/Sondergepaeck zum Transport in der Kabine darf von dem bestaetigten Umfang und Inhalt nichtabweichen.
   b. Das Sondergepaeck zum Transport in der Kabine muss auf dem extra dafuer gebuchten Sitzplatz befestigt werden.
   c. Die Bestaetigung, fuer als Sondergepaeck angemeldete Gaskartuschen in Schwimmwesten, dient als Legitimation

9. **Sportwaffen**

   a. Waffen duerfen ausschliesslich im Frachtraum mitgenommen werden, sie muessen gesichert sein und ungeladen.
   b. Sie muessen sicher in einer bruchsicheren Kiste verpackt sein (z.B. handelsueblicher Waffenkoffer).
   c. Es duerfen pro Person maximal bis zu 5 kg Munition original verpackt der Klasse 1.4S UN 00 12 oder 00 14 fuer den Eigengebrauch im Frachtraum mitgefuehrt werden. Ausgeschlossen sind Explosiv- und Brandgeschosse.

10. **Autokindersitze fuer den Gebrauch an Bord**

    a. Entsprechend den Vorgaben des TÜV Rheinland sind pro Flugzeugtyp nur bestimmte Sitzplaetze fuer die Nutzung eines Kinderrueckhaltesystemszertifiziert, deshalb bringen Sie den Kindersitz bitte unbedingt auf dem laut Bestaetigung vorgegebenen Sitz an.
    b. Die korrekte Nutzung und Befestigung des Kindersitzes liegt in der Zustaendigkeit des Passagiers.

11. **Haustiere**

    a. Tiere duerfen nur in Begleitung eines Fluggastes reisen.
    b. Informationen zu Einfuhrbestimmungen, Grenzpapieren (z.B. blauer EU–Tierpass), amtsaerztliche Gesundheitszeugnisse, Impfungen, Zollbestimmungen im Ausland, art- und transportgerechte Behaeltnisse etc. muessen immer vom Reisenden selbst besorgt werden.
    c. Fuer die Befoerderung von Haustieren in der Fluggastkabine (bis max. 6 kg inkl. Box) gilt: Die Masse des Behaeltnisses (luftdurchlaessig und wasserdicht) duerfen die veroeffentlichten Handgepaeckmasse (55x40x20cm) nicht ueberschreiten. Das Tier muss in der Lage sein, aufrecht zu stehen und sich zu drehen, sowie sich in natuerlicher Position zu legen. Das Tier darf nicht aus dem Behaeltnis herausschauen oder waehrend des Fluges herausgenommen werden. Das Behaeltnis muss im Fussraum des Fluggastes untergebracht werden.
    d. Fuer die Befoerderung von Haustieren im Frachtraum gilt: Die Tiere duerfen nur in Behaeltnissen befoerdert werden, die den Anforderungen der IATALive Animals Regulations entsprechen. Das Tier muss in der Lage sein, aufrecht zu stehen, ohne dass der Kopf oder die Ohren die Kaefigdeckeberuehren. Es muss die Moeglichkeit haben, sich zu drehen und sich in natuerlicher Position zu legen. Wasser und Futterbehaelter muessen vorhanden sein, der Kaefig muss stabil und sauber sein, einen wasserfesten Boden haben und innen mit saugfaehigem Material ausgelegt sein.
    e. Vom Transport ausgeschlossene Tiere: Kampfhunde (Pitbull-Terrier, American Pitbull, Am. Staffordshire Terrier, Staffordshire Bullterrier, Bullterrier, Am. Bulldog, Dogo Argentino, Fila Brasileiro, Kangal (Karabash), Kaukasian Owtscharka, Mastiff, Mastino Napoletano), Hamster, Maeuse, Meerschweinchen, kranke oder verletzte Tiere, junge Tiere, die noch nicht vom Muttertier abgesetzt sind sowie Tiere, die voraussichtlich waehrend der Befoerderung gebaeren oder die vor weniger als 48 Stunden geworfen haben. Durch Medikamente ruhig gestellte Tiere muessen bei Ansprache reagieren.

# Free Baggage Allowance and Baggage Charges

The free baggage allowance for your itinerary is shown on your e-ticket receipt.

## Baggage regulations of Condor:

### Carry on Baggage

One carry-on item weighing up to 6 kg in Economy Class, 8kg in Premium Economy Class and 12kg in Business Class (shared among no more than 2 baggage items). The carry-on bag is not to exceed 55 x 40 x 20 cm (21.6 x 15.7 x 7.8 in) in size.

In addition to your carry-on baggage, you can bring one laptop into the cabin free of charge. Carry-on baggage is transported in addition to the checked free baggage. For safety reasons, we may weigh carry-on baggage if there is reason to believe that it exceeds the maximum allowance of 6 kg / 14 lbs for carry-on baggage. For safety reasons, the cabin crew is required to store baggage items that are not admitted as carry-on baggage with the other checked baggage in the cargo compartment.

## Zone 5: Free Baggage Allowance (per person and route, U.S.A. including San Juan, Puerto Rico and Canada)

| | Economy Class | Premium Economy Class | Business Class |
|---|---|---|---|
| 1st baggage item | Free up to max. 23 kg/50 lbs per item | Free up to max. 32 kg/70 lbs per item | Free up to max. 32 kg/70 lbs per item |
| 2nd baggage item | • € 64.99/USD 85.00/CAD 85.00 (max. 23 kg /50 lbs) if booked 30 days or more before departure via Condor.com<br>• € 69.99/USD 91.00/CAD 91.00 (max. 23 kg /50 lbs) if booked 29 days or less before departure via Condor.com<br>• € 75.00/USD 98.00/CAD 98.00 (max. 23 kg /50 lbs) if paid at the airport | | Free up to max. 32 kg/70 lbs per item |
| Surcharge for baggage exceeding maximum dimensions** (greater than 158cm) | | Additionally € 200.00/USD 260.00/CAD 260.00 per route (item max. 23 kg /50 lbs, payable at airport only) | |
| Surcharge for baggage exceeding weight allowance (heavier than 23kg) | | Additionally € 100.00/USD 130.00/CAD 130.00 per route (item max. 32 kg/70 lbs, payable at airport only) | |
| Surcharge for baggage exceeding maximum dimensions** (greater than 158cm) and weight allowance (heavier than 23kg) | | Additionally € 300.00/USD 390.00/CAD 390.00 per route (item max. 32 kg/70 lbs, payable at airport only) | |
| 3rd baggage item | | € 150/USD 195/CAD 195 (item max. 23 kg /50 lbs, payable at airport only) | |
| Small children (under 2 years of age) are entitled to a free baggage allowance of | | 1 baggage item of max. 23 kg /50 lbs | |

** Dimensions = length + width + height

The baggage allowance specified above is per person. The maximum size per bag is 158 cm/62.2" (length + width + height). Any bag exceeding the baggage allowance specified above is subject to excess baggage charges. Additional baggage can be checked in with the other baggage. **Please note:** For safety and occupational health reasons (loading by baggage handlers), checked baggage items may not weigh more than 32 kg /70 lbs per baggage item. This rule applies regardless of the baggage allowance. Baby carriages/buggies, cribs, and child carseats are transported in the cargo hold at no extra charge. Pre-booking is not necessary in these cases.

Part of the Thomas Cook Group



than to/from Canada, USA, Puerto Rico and Brazil

## Free baggage allowance for zones 1 through 4 (per person)

| | Economy Class | Premium Economy Class | Business Class |
|---|---|---|---|
| Free baggage allowance for adults (and children under 12 years of age) | 20kg | 25kg | 30kg |
| Free baggage allowance for infants (under 2 years of age) | | 20kg | |

## Excess baggage charges at the airport

| | Price per kg at the airport |
|---|---|
| Zone 1 | € 10.00/USD 13.00/CAD 13.00 |
| Zone 2 | € 12.00/USD 16.00/CAD 16.00 |
| Zone 3-4 | € 20.00/USD 26.00/CAD 26.00 |

## Charges for excess baggage packages with 30 days early bird discount for zones 1 through 4

| Weight package | Zone 1 | Zone 2 | Zone 3 | Zone 4 |
|---|---|---|---|---|
| 5 kg / 11 lbs | € 39.99/USD 52/CAD 52 | € 49.99/USD 65/CAD 65 | € 79.99/USD 104/CAD 104 | |
| 10 kg / 22 lbs | € 69.99/USD 91/CAD 91 | € 99.99/USD 130/CAD 130 | € 139.99/USD 182/CAD 182 | |
| 15 kg / 33 lbs | € 89.99/USD 117/CAD 117 | € 129.99/USD 169/CAD 169 | € 179.99/USD 234/CAD 234 | |
| 20 kg / 44 lbs | € 99.99/USD 130/CAD 130 | € 149.99/USD 195/CAD 195 | € 199.99/USD 260/CAD 260 | |

## Regular charges for excess baggage packages for zones 1 through 4

| Weight package | Zone 1 | Zone 2 | Zone 3 | Zone 4 |
|---|---|---|---|---|
| 5 kg / 11 lbs | € 49.99/USD 59/CAD 59 | € 54.99/USD 72/CAD 72 | € 84.99/USD 111/CAD 111 | |
| 10 kg / 22 lbs | € 74.99/USD 98/CAD 98 | € 109.99/USD 143/CAD 143 | € 144.99/USD 189/CAD 189 | |
| 15 kg / 33 lbs | € 94.99/USD 124/CAD 124 | € 134.99/USD 176/CAD 176 | € 184.99/USD 241/CAD 241 | |
| 20 kg / 44 lbs | € 109.99/USD 143/CAD 143 | € 154.99/USD 202/CAD 202 | € 209.99/USD 273/CAD 273 | |

All prepaid baggage allowance packages can be booked up to eight hours before departure via our Service center or by visiting our Special services section on condor.com.
Please note:
Some items must be registered and paid for separately and cannot be transported as part of a baggage allowance package. Please go to condor.com /Flight Info /Baggage to learn more or register the item you intend to bring by contacting our Special reservations.

Flight zone allocation to/from:
Zone 1: Balearic Islands, Spanish & Portuguese mainland, Bulgaria, Croatia
Zone 2: Canary Islands & Madeira, Turkey, Greece & Cyprus, Egypt, Morocco, Tunisia & Gambia
Zone 3: East Africa, United Arab Emirates, Asia, Caribbean, Central & South America
Zone 4: Southern Africa & Indian Ocean
Zone 5: USA, Canada & Puerto Rico

rt of the Thomas Cook Group

Last updated: July 2014 CHI SU/M





**EXHIBIT 2**
Malcolm Ray v Condor Flugdienst



Part of the Thomas Cook Group

CONDOR FLUGDIENST GMBH
Condor Individuell
Thomas-Cook-Platz 1
D - 61440 Oberursel
Tel. +1 866 960 7915
reservation.en@condor.com

FRAU
MALCOLM RAY
RAY MUSIC INSTR. & EAGLE OIL CORP

22625 LAKE HILL DR
US-99567 CHUGIAK

| conf. date | | agency no. | file key | |
|---|---|---|---|---|
| 19.08.2015 | | 50065 | 7839660-02 | |
| adu. | chd. | inf. | departure | return |
| 1 | 0 | 0 | 18.08.15 | 18.09.15 |

## Booking - Confirmation / INVOICE

```
pos tit name                    age remark                          amount
------------------------------------------------------------------------
 1 Mrs. PITILLA/CLOVER                                            1,258.87
                         Taxes, fees and other surcharges           271.11
                                 in total
                              Rebooking fee res. related             91.00
                                                                ------------
                                       total amount USD           1,620.98
```

Details of Taxes, fees and other surcharges

```
Travelers        Taxes, fees and other surcharges
                             per traveler in detail

1                271.11 USD   GB GBP 69.00 UB GBP 28.30 RA EUR 19.22
                              US USD 17.70 XA USD 5.00 XY USD 7.00 YC
                              USD 5.50 AY USD 5.60 US USD 17.70 XF USD
                              3.00 XF USD 4.50 DE EUR 8.24 RA EUR 19.22
```

```
Passenger                    Service

1               at 18.08.15  LONDON HEATHROW - FRANKFURT INT.
                             Q  LH 903 10:30 - 13:05 (1:35h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
                             FRANKFURT INT. - ANCHORAGE
                             M  DE 2066 14:35 - 14:15 (9:40h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
1               at 18.09.15  ANCHORAGE - PORTLAND
```

```
                          SPO = Classic
                          Economy Class
                          baggage incl.: PC
                          PORTLAND - FRANKFURT INT.
                     (M)  DE 5029 19:10 - 14:45+1 (10:35h)
                          SPO = Classic
                          Economy Class
                          baggage incl.: PC
              19.09.15    FRANKFURT INT. - LONDON HEATHROW
                     (T)  LH 914 16:00 - 16:40 (1:40h)
                          SPO = Classic
                          Economy Class
                          baggage incl.: PC
                          Filekey: YJYP9P
Secure Flight details need to be provided
before departure.

AS = Alaska Airlines
LH = Lufthansa
DE = Condor
```

### ***NOTIX - YOUR RESERVATION CODE IS 7839660-02 ***

Kind regards - Condor Servicecenter -
Rolf Bruhn - 19.08.2015

Classic: Please note the special cancellation and rebooking conditions.
Schedule and routing subject to change without notice.

Rebooked by Mr. Rolf Bruhn at 19.08.15

Your customer number is is: 6730393

A free baggage allowance of one baggage item weighing max. 23 kg in Economy Class or 32 kg in Premium Economy Class applies to flights from/to USA/Canada. In our Business Class the free baggage allowance is 2 pieces with maximum 32kg each.

Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA). For further information please go to http://www.condor.com/eu/country-info/current-travel-info.jsp.

Please note the following advice, that Condor is obliged to indicate by the TSA: The Transportation Security Administration (TSA) requires you to provide your full name, date of birth, and gender for the purpose of watch list screening, under the authority of 49 U.S.C. section 114, the Intelligence Reform and Terrorism Prevention Act of 2004 and 49 C.F.R. parts 1540 and 1560. You may also provide your Redress Number, if available. Failure to provide your full name, date of birth, and gender may result in denial of transport or denial of authority to enter the boarding area. TSA may share information you provide with law enforcement or intelligence agencies or others under its published system of records notice. For more on TSA privacy policies, or to review the system of records notice and the privacy impact assessment, please see the TSA Web site at www.tsa.gov.

For data protection reasons, the date of birth and redress number will not appear on the booking confirmation.

The collection of your data for the "Secure Flight" program is valid for your booked Condor flight,

including all legs operated by associate airlines. To enter your data into the API Data Form only state the Condor leg.

**Important Information concerning your outbound flight**
CHECK-IN: Lufthansa

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 2 hours prior to departure.

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp
**Important Information concerning your return-flight**
CHECK-IN: Alaska Airlines

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 3 hours prior to departure.

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

REBOOKING OF THE RETURN FLIGHT: According to the tariff you can rebook your return flight until one day prior to departure around the clock by phone, telephone +49 6171 6988910.

**Special note for ticketless travel TKNE/NOTIX: At the Check-in, please**
have at hand this booking itinerary and a valid passport/personal identification card for all passengers, including children and infants. If you have booked a feeder with one of our partner-airlines an electronic-ticket will be issued for this flight. Please check and observe the visa and entry requirements for the country of destination and any transit countries!! Check-in deadline: The passenger strictly needs to observe the dead- line of 120 minutes on all outbound and inbound flights (180 minutes on flights to the U.S. and Canada). If the passenger has not reported to the Check-in within this time, the airline is authorized to alternatively dispose of the seat. Please be aware that more restrictive security measures concerning hand luggage on flights to and from the USA are in place. Please inform yourself by your Travel Agent or on our website WWW.CONDOR.COM.

The published flight times can to a reasonable extent be subject to changes for flight operating reasons. Condor will endeavor to keep changes in flight times to a minimum and inform all passengers of them as early as possible.

Free baggage allowance: The free baggage allowance specified above is per person, not per seat.

**Liability:**
Liability is governed by the Montreal Convention of 28 May 1999 and the Warsaw Convention of 12 October 1929 or as amended at The Hague in 1955. These conventions limit liability for damage to baggage, loss of luggage or delayed arrival of baggage (maximum of 1,131 SDRs/approx. EUR 1,332) as well as for delays (maximum of 4,694 SDRs/approx. EUR 5,528). If the value of your baggage exceeds the above stated amount, you should ensure that it is covered by other insurance prior to departure. There is no limitation on the liability of EU airlines for death or bodily injury. In the event a passenger suffers a loss of up to 113,100 special drawing rights (SDRs), or approx. EUR 133,200, it cannot be proven that the party suffering the loss was partially or completely at fault for causing the damage. If you have plans to use a different airline as your carrier during your journey, their limits of

liability shall apply.

Payment by Credit Card.

**The general terms and conditions for transportation can be viewed at**
www.condor.com, by your Travel Agent or at any Thomas Cook Service desk.

Legal notes regarding taxes:
service according to Par. 25 UStG (German Sales Tax Code)
Cross-border passenger transportation according to Par. 26,3 UStG
(German Sales Tax Code).
Tax no.: 003 246 44120

Taxes/commercial fees include any applicable taxes, fees or other
charges as may become due in the applicable currency of any relevant
jurisdiction.

Please be reminded of the handluggage-rules concerning the carriage of
liquids. Info on www.condor.com

Thank you very much for your reservation!
We wish you a pleasant flight.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**The General Terms and Conditions apply and can be viewed online at**
**http://www.condor.com/us/help-contact/terms-and-conditions.jsp**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*





Part of the Thomas Cook Group

**EXHIBIT 3**
Malcolm Ray v Condor Flugdienst

CONDOR FLUGDIENST GMBH
Condor Individuell
Thomas-Cook-Platz 1
D - 61440 Oberursel
Tel. +49 (0)1805 707 202*
Tel. +1 866 960 7915
* 0,14 EUR/Min. aus dt. Festnetz,
Mobilfunk max. 0,42 EUR/Min.
reservation.en@condor.com

FRAU
MALCOLM RAY
RAY MUSIC INSTR. & EAGLE OIL CORP

22625 LAKE HILL DR
US-99567 CHUGIAK

| conf. date | | agency no. | | **file key** |
|---|---|---|---|---|
| 19.08.2015 | | 94866 | | **7934508-01** |
| adu. | chd. | inf. | departure | return |
| 1 | 0 | 0 | 25.08.15 | |

## Booking - Confirmation / INVOICE

```
pos tit  name                        age  remark                                    amount
-----------------------------------------------------------------------------------
  1 Mrs. PITTILLA/CLOVER                                                            502.08
                                 Taxes, fees and other surcharges                   207.91
                                       in total

                                                                               ------------
                                                     total amount USD               709.99
```

Details of Taxes, fees and other surcharges

```
Travelers         Taxes, fees and other surcharges
                              per traveler in detail

1                 207.91 USD   GB GBP 69.00 UB GBP 28.30 RA EUR 19.22
                              US USD 17.70 XA USD 5.00 XY USD 7.00 YC
                              USD 5.50


Passenger                     Service

all           at  25.08.15 LONDON HEATHROW - FRANKFURT INT.
                           V  LH 901 09:30 - 12:05 (1:35h)
                           SPO = Classic
                           Economy Class
                           baggage incl.: PC
                           FRANKFURT INT. - ANCHORAGE
                           M  DE 2066 14:35 - 14:15 (9:40h)
                           SPO = Classic
                           Economy Class
                           baggage incl.: PC
                           Filekey: ZBB8VE
```

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

**Special note for ticketless travel TKNE/NOTIX: At the Check-in, please**
have at hand this booking itinerary and a valid passport/personal identification card for all passengers, including children and infants. If you have booked a feeder with one of our partner-airlines an electronic-ticket will be issued for this flight. Please check and observe the visa and entry requirements for the country of destination and any transit countries!! Check-in deadline: The passenger strictly needs to observe the dead- line of 120 minutes on all outbound and inbound flights (180 minutes on flights to the U.S. and Canada). If the passenger has not reported to the Check-in within this time, the airline is authorized to alternatively dispose of the seat. Please be aware that more restrictive security measures concerning hand luggage on flights to and from the USA are in place. Please inform yourself by your Travel Agent or on our website WWW.CONDOR.COM.

The published flight times can to a reasonable extent be subject to changes for flight operating reasons. Condor will endeavor to keep changes in flight times to a minimum and inform all passengers of them as early as possible.

Free baggage allowance: The free baggage allowance specified above is per person, not per seat.

**Liability:**
Liability is governed by the Montreal Convention of 28 May 1999 and the Warsaw Convention of 12 October 1929 or as amended at The Hague in 1955. These conventions limit liability for damage to baggage, loss of luggage or delayed arrival of baggage (maximum of 1,131 SDRs/approx. EUR 1,332) as well as for delays (maximum of 4,694 SDRs/approx. EUR 5,528). If the value of your baggage exceeds the above stated amount, you should ensure that it is covered by other insurance prior to departure. There is no limitation on the liability of EU airlines for death or bodily injury. In the event a passenger suffers a loss of up to 113,100 special drawing rights (SDRs), or approx. EUR 133,200, it cannot be proven that the party suffering the loss was partially or completely at fault for causing the damage. If you have plans to use a different airline as your carrier during your journey, their limits of liability shall apply.

Payment by Credit Card.

**The general terms and conditions for transportation can be viewed at**
www.condor.com, by your Travel Agent or at any Thomas Cook Service desk.

Legal notes regarding taxes:
service according to Par. 25 UStG (German Sales Tax Code)
Cross-border passenger transportation according to Par. 26,3 UStG
(German Sales Tax Code).
Tax no.: 003 246 44120

Taxes/commercial fees include any applicable taxes, fees or other
charges as may become due in the applicable currency of any relevant
jurisdiction.

Please be reminded of the handluggage-rules concerning the carriage of
liquids. Info on www.condor.com

Thank you very much for your reservation!
We wish you a pleasant flight.

Secure Flight details need to be provided
before departure.
Note: It is necessary to present a return/on-
going ticket or the relevant residence permit.
Otherwise entry is not possible.

LH = Lufthansa
DE = Condor

## \*\*\*NOTIX - YOUR RESERVATION CODE IS 7934508-01 \*\*\*

We informed you about our terms and conditions

Kind regards, -Condor Service Center-
Alexandra Sbarcea, August 19 2015

Classic: Please note the special cancellation and rebooking conditions.
Schedule and routing subject to change without notice.

Booked by Mrs. Alexandra Sbarcea at 19.08.15

Your customer number is: 6730393

A free baggage allowance of one baggage item weighing max. 23 kg in Economy Class or 32 kg in Premium Economy Class applies to flights from/to USA/Canada. In our Business Class the free baggage allowance is 2 pieces with maximum 32kg each.

Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA). For further information please go to http://www.condor.com/eu/country-info/current-travel-info.jsp.

Please note the following advice, that Condor is obliged to indicate by the TSA: The Transportation Security Administration (TSA) requires you to provide your full name, date of birth, and gender for the purpose of watch list screening, under the authority of 49 U.S.C. section 114, the Intelligence Reform and Terrorism Prevention Act of 2004 and 49 C.F.R. parts 1540 and 1560. You may also provide your Redress Number, if available. Failure to provide your full name, date of birth, and gender may result in denial of transport or denial of authority to enter the boarding area. TSA may share information you provide with law enforcement or intelligence agencies or others under its published system of records notice. For more on TSA privacy policies, or to review the system of records notice and the privacy impact assessment, please see the TSA Web site at www.tsa.gov.

For data protection reasons, the date of birth and redress number will not appear on the booking confirmation.

The collection of your data for the "Secure Flight" program is valid for your booked Condor flight, including all legs operated by associate airlines. To enter your data into the API Data Form only state the Condor leg.

**Important Information concerning your outbound flight**
CHECK-IN: Lufthansa

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 2 hours prior to departure.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The General Terms and Conditions apply and can be viewed online at
http://www.condor.com/de/hilfe-kontakt/agb.jsp

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*





**EXHIBIT 4**
Malcolm Ray v Condor Flugdienst

Part of the Thomas Cook Group

CONDOR FLUGDIENST GMBH
Condor Individuell
Thomas-Cook-Platz 1
D - 61440 Oberursel
Tel. +1 866 960 7915
reservation.en@condor.com

FRAU
MALCOLM RAY
RAY MUSIC INSTR. & EAGLE OIL CORP

22625 LAKE HILL DR
US-99567 CHUGIAK

| conf. date 06.09.2015 | | agency no. 50065 | file key 7839660-05 | |
|---|---|---|---|---|
| adu. | chd. | inf. | departure | return |
| 1 | 0 | 0 | 18.08.15 | 11.09.15 |

## Booking - Confirmation / INVOICE

```
pos tit  name                        age  remark                              amount
--------------------------------------------------------------------------------
  1 Mrs. PITILLA/CLOVER                                                      1,258.87
                             Taxes, fees and other surcharges                  271.11
                                       in total
                   Seat reservation 12G                                         39.00
                   FK: 1507250014
                                       Rebooking fee res. related               91.00
                                                                           ------------
                                           total amount USD                 1,659.98
```

Details of Taxes, fees and other surcharges
```
Travelers        Taxes, fees and other surcharges
                          per traveler in detail

1                271.11 USD   GB GBP 69.00 UB GBP 28.30 RA EUR 19.22
                             US USD 17.70 XA USD 5.00 XY USD 7.00 YC
                             USD 5.50 AY USD 5.60 US USD 17.70 XF USD
                             3.00 XF USD 4.50 DE EUR 8.24 RA EUR 19.22
```

```
Passenger                    Service

1             at  18.08.15   LONDON HEATHROW - FRANKFURT INT.
                             Q  LH 903 10:30 - 13:05 (1:35h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
                             FRANKFURT INT. - ANCHORAGE
                             M  DE 2066 14:35 - 14:15 (9:40h)
                             SPO = Classic
                             Economy Class
                             baggage incl.: PC
```

```
1                   at   11.09.15   ANCHORAGE - PORTLAND
                                    Q  AS 140 11:35 - 16:05 (3:30h)
                                    SPO = Classic
                                    Economy Class
                                    baggage incl.: PC
                                    PORTLAND - FRANKFURT INT.
                                    M  DE 5029 19:10 - 14:45+1 (10:35h)
                                    SPO = Classic
                                    Economy Class
                                    baggage incl.: PC
                         12.09.15   FRANKFURT INT. - LONDON HEATHROW
                                    Q  LH 916 17:00 - 17:40 (1:40h)
                                    SPO = Classic
                                    Economy Class
                                    baggage incl.: PC
                                    Filekey: YJYP9P
Secure Flight details need to be provided
before departure.

AS = Alaska Airlines
LH = Lufthansa
DE = Condor
```

### ***NOTIX - YOUR RESERVATION CODE IS 7839660-05 ***

Kind regards - Condor Servicecenter - 06. September 2015


Classic: Please note the special cancellation and rebooking conditions.
Schedule and routing subject to change without notice.


by Mr. Juergen Kopp at 06.09.15

Your customer number is: 6730393

A free baggage allowance of one baggage item weighing max. 23 kg in Economy Class or 32 kg in Premium Economy Class applies to flights from/to USA/Canada. In our Business Class the free baggage allowance is 2 pieces with maximum 32kg each.

Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA). For further information please go to http://www.condor.com/eu/country-info/current-travel-info.jsp.

Please note the following advice, that Condor is obliged to indicate by the TSA: The Transportation Security Administration (TSA) requires you to provide your full name, date of birth, and gender for the purpose of watch list screening, under the authority of 49 U.S.C. section 114, the Intelligence Reform and Terrorism Prevention Act of 2004 and 49 C.F.R. parts 1540 and 1560. You may also provide your Redress Number, if available. Failure to provide your full name, date of birth, and gender may result in denial of transport or denial of authority to enter the boarding area. TSA may share information you provide with law enforcement or intelligence agencies or others under its published system of records notice. For more on TSA privacy policies, or to review the system of records notice and the privacy impact assessment, please see the TSA Web site at www.tsa.gov.

For data protection reasons, the date of birth and redress number will not appear on the booking confirmation.

The collection of your data for the "Secure Flight" program is valid for your booked Condor flight, including all legs operated by associate airlines. To enter your data into the API Data Form only state the Condor leg.

## Important Information concerning your outbound flight
CHECK-IN: Lufthansa

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 2 hours prior to departure.

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

## Important Information concerning your return-flight
CHECK-IN: Alaska Airlines

CHECK-IN DEADLINE: please beaware that you have to finalize the check-in procedure and be in possession of your boarding-card at the latest 60 minutes prior to departure. Principally we recommend that you are at check-in 3 hours prior to departure.

FLIGHT-RECONFIRMATION: You can check your flight times starting 48 hours before your flight on the internet at www.condor.com. You will find all the important information on your flight under the menu item Flight info - Departures and Arrivals. The General Terms and Conditions apply and can be viewed online at http://www.condor.com/de/hilfe-kontakt/agb.jsp

REBOOKING OF THE RETURN FLIGHT: According to the tariff you can rebook your return flight until one day prior to departure around the clock by phone, telephone +49 6171 6988910.

## Special note for ticketless travel TKNE/NOTIX: At the Check-in, please
have at hand this booking itinerary and a valid passport/personal identification card for all passengers, including children and infants. If you have booked a feeder with one of our partner-airlines an electronic-ticket will be issued for this flight. Please check and observe the visa and entry requirements for the country of destination and any transit countries!! Check-in deadline: The passenger strictly needs to observe the dead- line of 120 minutes on all outbound and inbound flights (180 minutes on flights to the U.S. and Canada). If the passenger has not reported to the Check-in within this time, the airline is authorized to alternatively dispose of the seat. Please be aware that more restrictive security measures concerning hand luggage on flights to and from the USA are in place. Please inform yourself by your Travel Agent or on our website WWW.CONDOR.COM.

The published flight times can to a reasonable extent be subject to changes for flight operating reasons. Condor will endeavor to keep changes in flight times to a minimum and inform all passengers of them as early as possible.

Free baggage allowance: The free baggage allowance specified above is per person, not per seat.

## Liability:
Liability is governed by the Montreal Convention of 28 May 1999 and the Warsaw Convention of 12 October 1929 or as amended at The Hague in 1955. These conventions limit liability for damage to baggage, loss of luggage or delayed arrival of baggage (maximum of 1,131 SDRs/approx. EUR 1,332) as well as for delays (maximum of 4,694 SDRs/approx. EUR 5,528). If the value of your baggage exceeds the above stated amount, you should ensure that it is covered by other insurance prior to departure. There is no limitation on the liability of EU airlines for death or bodily injury. In the event a passenger suffers a loss of up to 113,100 special drawing rights (SDRs), or approx. EUR 133,200, it cannot be proven that the party suffering the loss was partially or completely at fault for causing the

damage. If you have plans to use a different airline as your carrier during your journey, their limits or liability shall apply.

Payment by Credit Card.

**The general terms and conditions for transportation can be viewed at** www.condor.com, by your Travel Agent or at any Thomas Cook Service desk.

Legal notes regarding taxes:
service according to Par. 25 UStG (German Sales Tax Code)
Cross-border passenger transportation according to Par. 26,3 UStG
(German Sales Tax Code).
Tax no.: 003 246 44120

Taxes/commercial fees include any applicable taxes, fees or other charges as may become due in the applicable currency of any relevant jurisdiction.

Please be reminded of the handluggage-rules concerning the carriage of liquids. Info on www.condor.com

Thank you very much for your reservation!
We wish you a pleasant flight.

*****************************************************************************************************

**The General Terms and Conditions apply and can be viewed online at**
**http://www.condor.com/us/help-contact/terms-and-conditions.jsp**

*****************************************************************************************************

# Free Baggage Allowance and Baggage Charges

The free baggage allowance for your itinerary is shown on your e-ticket receipt.

## Baggage regulations of Condor:

**Carry on Baggage**

One carry-on item weighing up to 6 kg in Economy Class, 8kg in Premium Economy Class and 12kg in Business Class (shared among no more than 2 baggage items) The carry-on bag is not to exceed 55 x 40 x 20 cm (21.6 x 15.7 x 7.8 in) in size.

In addition to your carry-on baggage, you can bring one laptop into the cabin free of charge. Carry-on baggage is transported in addition to the checked free baggage. For safety reasons, we may weigh carry-on baggage if there is reason to believe that it exceeds the maximum allowance of 6 kg / 13 lbs for carry-on baggage. For safety reasons, the cabin crew is required to store baggage items that are not admitted as carry-on baggage with the other checked baggage in the cargo compartment.

## Zone 5: Free Baggage Allowance (per person and route, U.S.A. including San Juan, Puerto Rico and Canada)

|  | Economy Class | Premium Economy Class | Business Class |
|---|---|---|---|
| 1st baggage item | Free up to max. 23 kg/50 lbs per item | Free up to max. 32 kg/70 lbs per item | Free up to max. 32 kg/70 lbs per item |
| 2nd baggage item | • € 64.99/USD 85.00/CAD 85.00 (max. 23 kg /50 lbs) if booked 30 days or more before departure via Condor.com. <br> • € 69.99/USD 91.00/CAD 91.00 (max. 23 kg /50 lbs) if booked online 29 days or less before departure via Condor.com <br> • € 75.00/USD 98.00/CAD 98.00 (max. 23 kg /50 lbs) if paid at the airport | Free up to max. 32 kg/70 lbs per item | Free up to max. 32 kg/70 lbs per item |
| Surcharge for baggage exceeding maximum dimensions** (greater than 158cm) | Additionally € 200.00/USD 260.00/CAD 260.00 per route (item max. 23 kg/50 lbs, payable at airport only) | | |
| Surcharge for baggage exceeding weight allowance (heavier than 23kg) | Additionally € 100.00/USD 130.00/CAD 130.00 per route (item max. 32 kg/70 lbs, payable at airport only) | | |
| Surcharge for baggage exceeding maximum dimensions** (greater than 158cm) and weight allowance (heavier than 23kg) | Additionally € 300.00/USD 390.00/CAD 390.00 per route (item max. 32 kg/70 lbs, payable at airport only) | | |
| 3rd baggage item | € 150/USD 195/CAD 195 (item max. 23 kg /50 lbs, payable at airport only) | | |
| Small children (under 2 years of age) are entitled to a free baggage allowance of | 1 baggage item of max. 23 kg /50 lbs | | |

** Dimensions = length + width + height

The baggage allowance specified above is per person. The maximum size per bag is 158 cm/62.2" (length + width + height). Any bag exceeding the baggage allowance specified above is subject to excess baggage charges. Additional baggage can be checked in with the other baggage.

**Please note:** For safety and occupational health reasons (loading by baggage handlers), checked baggage items may not weigh more than 32 kg /70 lbs per baggage item. This rule applies regardless of the baggage allowance. Baby carriages/buggies, cribs, and child carseats are transported in the cargo hold at no extra charge. Pre-booking is not necessary in these cases.

...art of the Thomas Cook Group



than to/from Canada, USA, Puerto Rico and Brazil

## Free baggage allowance for zones 1 through 4 (per person)

| | Economy Class | Premium Economy Class | Business Class |
|---|---|---|---|
| Free baggage allowance for adults (and children under 12 years of age) | 20kg | 25kg | 30kg |
| Free baggage allowance for infants (under 2 years of age) | 20kg | | |

## Excess baggage charges at the airport

| | Price per kg at the airport |
|---|---|
| Zone 1 | € 10.00/USD 13.00/CAD 13.00 |
| Zone 2 | € 12.00/USD 16.00/CAD 16.00 |
| Zone 3-4 | € 20.00/USD 26.00/CAD 26.00 |

## Charges for excess baggage packages with 30 days early bird discount for zones 1 through 4

| Weight package | Zone 1 | Zone 2 | Zone 3 | Zone 4 |
|---|---|---|---|---|
| 5 kg /11 lbs | € 39.99/USD 52/CAD 52 | € 49.99/USD 65/CAD 65 | € 79.99/USD 104/CAD 104 | |
| 10 kg /22 lbs | € 69.99/USD 91/CAD 91 | € 99.99/USD 130/CAD 130 | € 139.99/USD 182/CAD 182 | |
| 15 kg /33 lbs | € 89.99/USD 117/CAD 117 | € 129.99/USD 169/CAD 169 | € 179.99/USD 234/CAD 234 | |
| 20 kg /44 lbs | € 99.99/USD 130/CAD 130 | € 149.99/USD 195/CAD 195 | € 199.99/USD 260/CAD 260 | |

## Regular charges for excess baggage packages for zones 1 through 4

| Weight package | Zone 1 | Zone 2 | Zone 3 | Zone 4 |
|---|---|---|---|---|
| 5 kg /11 lbs | € 49.99/USD 59/CAD 59 | € 54.99/USD 72/CAD 72 | € 84.99/USD 111/CAD 111 | |
| 10 kg /22 lbs | € 74.99/USD 98/CAD 98 | € 109.99/USD 143/CAD 143 | € 144.99/USD 189/CAD 189 | |
| 15 kg /33 lbs | € 94.99/USD 124/CAD 124 | € 134.99/USD 176/CAD 176 | € 184.99/USD 241/CAD 241 | |
| 20 kg /44 lbs | € 109.99/USD 143/CAD 143 | € 154.99/USD 202/CAD 202 | € 209.99/USD 273/CAD 273 | |

All prepaid baggage allowance packages can be booked up to eight hours before departure via our Service center or by visiting our Special services section on condor.com
Please note:
Some items must be registered and paid for separately and cannot be transported as part of a baggage allowance package. Please go to condor.com / Flight info / Baggage to learn more and register the item you intend to bring by contacting our Special reservations.

Flight zone allocation to/from:
Zone 1: Balearic Islands, Spanish & Portuguese mainland, Bulgaria, Croatia
Zone 2: Canary Islands & Madeira, Turkey, Greece & Cyprus, Egypt, Morocco, Tunisia & Gambia
Zone 3: East Africa, United Arab Emirates, Asia, Caribbean, Central & South America
Zone 4: Southern Africa & Indian Ocean
Zone 5: USA, Canada & Puerto Rico





# Interline Baggage Rules

You may be subject to additional regulations when travelling to/from the United States (including Puerto Rico). If you have feeder or connecting flights operated by other airlines in conjunction with your Condor flight, the following baggage rules apply for the entire itinerary.

| Free baggage allowance | Weight | Dimension* | Charges per piece |
|---|---|---|---|
| 1st checked baggage item | Up to 23 kg/ 50 lbs | Up to 158 cm / 62" | *incl.* |
| **Charges per additional piece of baggage** | | | |
| 2nd checked baggage item Economy/Premium Economy Class | Up to 23 kg/ 50 lbs | Up to 158 cm / 62" | 75 € / USD 98 / CAD 98 |
| from 3rd baggage item | Up to 23 kg/ 50 lbs | Up to 158 cm / 62" | 150 € / USD 195 / CAD 195 |
| **Baggage fees for any baggage that exceeds weight and/or dimension** | | | |
| size exceeds free baggage allowance | Up to 23 kg/ 50 lbs | From 159 cm/ 62,1" | + 200 € /USD 260 /CAD 260 |
| weight exceeds free baggage allowance | 24-32 kg/ 51-70 lbs | Up to 158 cm/ 62" | + 100 € /USD 130 /CAD 130 |
| size and weight exceeds free baggage allowance | 24-32 kg/ 51-70 lbs | From 159 cm/ 62,1" | + 300 € /USD 390 /CAD 390 |
| **Sports equipment & Transporting animals** | | | |
| Golf Equipment | | | 100 € / USD 130 / CAD 130 |
| Ski-, Snowboard Equipment | | | 100 € / USD 130 / CAD 130 |
| Waterski Equipment | | | 100 € / USD 130 / CAD 130 |
| Bicycle | | | 100 € / USD 130 / CAD 130 |
| Tandem Bike | | | 200 € / USD 260 / CAD 260 |
| Scuba Equipment | | | 100 € / USD 130 / CAD 130 |
| Surfboard | | Up to 2 m | 100 € / USD 130 / CAD 130 |
| Boogieboard, Bodyboard, Kite Surfboard, Wakeboard, Waveboard | | | 100 € / USD 130 / CAD 130 |
| Windsurf Equipment | | | 200 € / USD 260 / CAD 260 |
| Archery- Bowling-, Fishing Equipment | | | 100 € / USD 130 / CAD 130 |
| Sporting/Hunting Weapons plus Ammunition | | | 100 € / USD 130 / CAD 130 |
| Parachute Equipment | | | 100 € / USD 130 / CAD 130 |
| Hang Gliding Equipment | | | 200 € / USD 260 / CAD 260 |
| Skateboard | | | 100 € / USD 130 / CAD 130 |
| Longboard | | Over 2 m | 200 € / USD 260 / CAD 260 |
| Tennis-, Squash-, Badminton-Equipment | | | 100 € / USD 130 / CAD 130 |
| Alpinist Equipment | | | 100 € / USD 130 / CAD 130 |
| Hockey Equipment | | | 100 € / USD 130 / CAD 130 |
| Inline-Skates | | | 100 € / USD 130 / CAD 130 |
| Horse Riding Equipment | | | 200 € / USD 260 / CAD 260 |
| Canoe, Kayak | | | 200 € / USD 260 / CAD 260 |
| Rubber Dinghy | | | 200 € / USD 260 / CAD 260 |
| Javelin | | | 100 € / USD 130 / CAD 130 |
| Pole Vault Equipment | | | 200 € / USD 260 / CAD 260 |
| Animal in the cabin | | | 100 € / USD 130 / CAD 130 |
| Animal in the hold | | | 300 € / USD 390 / CAD 390 |

\* Dimension: length + width + height

As of: October 2013

Should you have further questions please contact your Condor Call Center.
Conversion rate 1.00 € (EUR) = 1.30 USD / CAD

Part of the Thomas Cook Group

**EXHIBIT 5**
Malcolm Ray v Condor Flugdienst

From    no-answer@condor.com
Subject Condor Reisenbestaetigung7999713
To   ME <xradian@mtaonline.net>


Sehr geehrter Kunde, sehr geehrte Kundin,

vielen Dank fuer Ihre Buchung bei Condor Individuell.

Mit dieser Mail erhalten Sie Ihre Buchungsbestaetigung im PDF-Format.
Zur
Darstellung von PDF-Dateien benoetigen Sie den Adobe Reader. Sollten
Sie
den Adobe Reader noch nicht auf Ihrem Computer installiert haben,
koennen
Sie diesen unter
http://www.adobe.com/de/products/acrobat/readstep2.html
kostenlos herunterladen und installieren.

Bitte antworten Sie nicht an diese E-Mail Adresse, da es sich hierbei
um
eine automatisch generierte E-Mail handelt. Fragen zur Buchung richten
Sie bitte an unser Service Center (rund um die Uhr erreichbar):
Telefon:
+49 (0) 180 6 767767 (0,20EUR/Anruf aus dem deutschen Festnetz,
Mobilfunk
max. 0,60EUR/Anruf)


Mit freundlichen Grüßen
Condor Individuell

Condor Flugdienst GmbH, Vorsitzender des Aufsichtsrates: Heiner Wilkens
Geschäftsführung: Ralf Teckentrup (Vorsitzender), Uwe Balser, Dr.
Ulrich
Johannwille
Sitz: Kelsterbach, Registergericht und - nummer: Amtsgericht Darmstadt,
HRB 83385



EXHIBIT ___ Non Printable Information

Received from CONDOR AIRLINES EMAIL SYSTEM

Part 1 of 3 Parts

**EXHIBIT 6**

Malcolm Ray v Condor Flugdienst

EXHIBIT ___ Non Printable Information
Received from CONDOR AIRLINES EMAIL SYSTEM

| | Name | Size | Date Accessed ▼ |
|---|---|---|---|
| | 7839660_2-1.pdf | 59 KB | August 19, 2015 11:35 PM |
| | 7839660_2.pdf | 59 KB | August 19, 2015 11:32 PM |
| | 7934508_1.pdf | 59 KB | August 19, 2015 11:30 PM |
| | INTERLINE_BAGGAGERULES_EN_OCT13-2.pdf | 57 KB | August 19, 2015 11:28 PM |
| | 7839660_1-5.pdf | 59 KB | August 19, 2015 11:28 PM |
| | INTERLINE_BAGGAGERULES_EN_OCT13-1.pdf | 57 KB | August 19, 2015 11:25 PM |
| | Condor_BaggagePolicy-2.pdf | | August 19, 2015 11:25 PM |
| | 7839660_1-4.pdf | | August 19, 2015 11:24 PM |
| | confirmation-8.pdf | | August 19, 2015 11:21 PM |
| | INTERLINE_BAGGAGERULES_EN_OCT13.pdf | | August 19, 2015 10:20 PM |
| | Condor_BaggagePolicy-1.pdf | | August 18, 2015 10:30 PM |
| | 7839660_1-3.pdf | | August 18, 2015 10:27 PM |
| | TheftAvredollars.pdf | | August 18, 2015 10:26 PM |
| | confirmation-7.pdf | | August 18, 2015 10:24 PM |
| | galaxy_s_4_by_samsung_ug.pdf | | August 8, 2015 10:14 PM |



7839660_1  df                                                      August 19 2015 11 25 PM

INTERLINE_BAGGAGERULES_EN_OCT13-1.pdf                               August 19 2015 11 25 PM

Condor_BaggagePolicy-2.pdf                                          August 19 2015 11 25 PM

7839660_1-4.pdf                                                     August 19 2015 11 25 PM

confirmation-3.pdf                                                  August 19 2015 11 25 PM

INTERLINE_BAGGAGERULES_EN_OCT13.pdf                                August 19 2015 11 25 PM

Condor_BaggagePolicy-1.pdf                                         August 19 2015 11 25 PM

7839660_1-3.pdf                                                    August 19 2015 11 25 PM

PartyNineDollars.pdf                                              August 19 2015 11 25 PM

confirmation-7.pdf                                               August 19 2015 11 25 PM

eaaylis_4_b1_samture_06.pdf

Condor_BaggagePolicy-0.pdf

7839660_1-0.pdf

confirmation-3.pdf

7839660_1-1.pdf

Part 3 of 3 Parts

EXHIBIT ___ Non Printable Information
Received from CONDOR AIRLINES EMAIL SYSTEM



**Electronic System for Travel Authorization**
U.S. Department of Homeland Security

**EXHIBIT 7**
Malcolm Ray v Condor Flugdienst

## Authorization Approved

Your travel authorization has been approved and you are authorized to travel to the United States under the Visa Waiver Program. This does not guarantee admission to the United States; a Customs and Border Protection (CBP) officer at a port of entry will have the final determination.

**Application Number**
R9WWX687R6AFHFCF

**ESTA Expiration Date**
Aug 18, 2017

---

### Payment Receipt

| | |
|---|---|
| Payment Date | August 18, 2015 |
| Payment Tracking Code | 630994 |
| Payment Received | $14.00 |

---

### Applicant Information

**Family Name**
CLOVER

**First (Given) Name**
PITTILLA

**Are you known by any other names or aliases?**
No

**Birth Date**
Feb 21, 1996

**Gender**
F (Female)

**City of Birth**
BOURNEMOUTH

**Country of Birth**
UNITED KINGDOM

**Parents**

**Family Name**
CHARMAN
BARLOW

**First (Given) Name**
JOHN
ANDREA

### Passport Information

**Passport Number**
512901350

**Passport Issuing Country**
UK - BRITISH CITIZEN

**Passport Issuance Date**
Nov 22, 2012

**Passport Expiration Date**
Nov 22, 2022

**Country of Citizenship**
UK - BRITISH CITIZEN

**Are you a citizen of any other country?**
No

### Contact Information

**E-mail Address**
clover_pittilla@ymail.com

**Telephone Number**

**Type**
other

**Country Code / Number**
0044 / 7582958784

**Home Address**

**Address Line 1**
5 FIRBANK ROAD

**Apartment Number**

**Address Line 2**

**City**
BOURNEMOUTH

**State/Province/Region**
DORSET

**Country**
UNITED KINGDOM

Case 3:17-cv-00023-TMB   Document 1-1   Filed 02/08/17   Page 58 of 77   Exhibit A
Page 58 of 77

**Emergency Contact**

| | |
|---|---|
| **Family Name** | **First (Given) Name** |
| BARLOW | ANDREA |

**Telephone Number**

| | |
|---|---|
| **Country Code** | **Number** |
| 0044 | 7570170332 |

**E-mail Address**
abarlow532@btinternet.com

## Travel Information

**Is your travel to the US occurring in transit to another country?** No

**Address While In The United States**

| | |
|---|---|
| **Address Line 1** | **Apartment Number** |

| | |
|---|---|
| **Address Line 2** | **City** |

**State**

**US Point of Contact Information**
ANCHORAGE ALASKA

**Address**

| | |
|---|---|
| **Address Line 1** | **Apartment Number** |
| LAKEHILL DRIVE | 22625 |
| **Address Line 2** | **City** |
| | CHAGIAK |

**State**
AK

**Telephone Number**

9073439566

## Employment Information

**Do you have a current or previous employer?** No

## Do any of the following apply to you? (Answer Yes or No)

1) Do you have a physical or mental disorder; or are you a drug abuser or addict; or do you currently have any of the following diseases:      No
- Chancroid
- Gonorrhea
- Granuloma Inguinale
- Leprosy, infectious
- Lymphogranuloma venereum
- Syphilis, infectious
- Active Tuberculosis

2) Have you ever been arrested or convicted for a crime that resulted in serious damage to property, or serious harm to another person or government authority?      No

3) Have you ever violated any law related to possessing, using, or distributing illegal drugs?      No

4) Do you seek to engage in or have you ever engaged in terrorist activities, espionage, sabotage, or genocide?      No

5) Have you ever committed fraud or misrepresented yourself or others to obtain, or assist others to obtain, a visa or entry into the United States?      No

previously employed in the United States without prior permission from the U.S. government?                                                    No

7) Have you ever been denied a U.S. visa you applied for with your current or previous passport, or have you ever been refused admission to the United States or withdrawn your application for admission at a U.S. port of entry?                    No

If yes:  when

where

8)Have you ever stayed in the United States longer than the admission period granted to you by the U.S. government?                                   No

# ESTA
# REGISTRATION

Sherpatec GmbH · Gabelsbergerstr. 52 · 80333 · München

Mrs / Mr Barlow Andrea
5 Firbank Road
BH9 1EL Bournemouth

| | invoice number | | invoice date |
|---|---|---|---|
| | 70292 | | 18.04.2015 |

| position | quantity | unit | description |
|---|---|---|---|
| 1 | 1 | item | Check the data entered |
| 2 | 1 | item | Transmission to the ESTA server |
| 3 | . | item | Consular fee |

**total amount (gross)**

29,00 £

The total amount will be charged on behalf of Heidelberger Payment GmbH from your credit card.

Yours sincerely
Esta-Registration Team

Sherpatec GmbH
Gabelsbergerstr. 52
D-80333 München
E-Mail: buchhaltung@sherpatec.com

St.-Nr.: 143/180/20982
USt.-Id.-Nr. DE268292097

VR Bank Starnberg e.G.
Konto: 2953200
BLZ: 70093200
BIC: GENODEF1STH
IBAN: DE44700932000002953200

# AFFIDAVIT OF CLOVER PITTILLA

I, Clover Pittilla, of 5 Firbank Rd, Bournemouth, England, certify that on the date of August 18, 2015, I provided my valid United Kingdom passport, Airline Tickets, and completed ESTA FORM to Lufthansa Airlines agents at Heathrow Airport, London, England.

I further state that upon presentation of the aforementioned documents, I was issued a Boarding Pass for travel and that upon processing at the departure gate, Lufthansa Airlines destroyed my boarding pass and denied me proper boarding onto the aircraft.

I further state that my United Kingdom passport number is 512901350, issued on the date of November 22, 2012 and expiration date November 22, 2022.

_____     Clover Pittilla
**Clover Pittilla**

STATE OF ALASKA

THIRD JUDICIAL DISTRICT

The foregoing affidavit was acknowledged before me this 9TH day of September, 2015 by Clover Pittilla.

_____
**Notary Public in and for Alaska**

My Commission Expires: 09.18.2018

**EXHIBIT 8**
Malcolm Ray v Condor Flugdienst

## Necessary Passenger Information for Air Travel

( 

AIRLINE COMPANY
Address & Contact Information

Passenger Name
Date of Transaction
ROUND TRIP TICKET

Ticket Price: $ _____
Other Fees:   $ _____
TOTAL:        $ _____

| DATE | AIRPORT | CITY,STATE,PROVINCE | FLIGHT NUMBER | SEAT | DEPART | ARRIVE | TRAVEL TIME (HRS) |
|------|---------|---------------------|---------------|------|--------|--------|-------------------|
| 18 AUG 2015 | LONDON HEATHROW | LONDON ENGLAND | LUFTHANSA 903 | | 10:30 AM | 1:05 PM | 1:35 HRS |
| 18 AUG 2015 | FRANKFURT INTERNTL | FRANKFURT GERMANY | CONDOR 2066 | 12G | 2:35 PM | 2:15 PM | 9:40 HRS |

### RETURN

| DATE | AIRPORT | CITY,STATE,PROVINCE | FLIGHT NUMBER | SEAT | DEPART | ARRIVE | TRAVEL TIME (HRS) |
|------|---------|---------------------|---------------|------|--------|--------|-------------------|
| 5 SEPT 2015 | ANCHORAGE INT'L | ANCHORAGE ALASKA USA | CONDOR 7067 | | 2:40 PM | 10:25 AM | 9:45 HRS |
| 7 SEPT 2015 | FRANKFURT INT'L | FRANKFURT GERMANY | LUFTHANSA 906 | | 12:00 PM(NOON) | 12:40 PM | 1:40 HRS |

**BAGGAGE NOTES:**
**1ST Baggage Item:   No Charge**
**Additional Bags:      From $80.00 U.S. to Max. $ 195 U.S.**

**EXHIBIT 9**
Malcolm Ray v Condor Flugdienst

```
ANCTAAS
.ANCTAAS 111839/4MV5DEF4F

FMMHGH
 1.1PITILLA/CLOVER MRS
 1    140M 11SEP F ANCPDX HK1  1135A  405P /E
 2 DE5029S 11SEP F PDXFRA HK3   710P  245P  12SEP J /E
 3 LH 916B 12SEP J FRALHR HK1   500P  540P /E
TKT/TIME LIMIT
 1.T-19AUG
 2.TE 8812400610155 PITIL/C SYSSYS  0543/19AUG
 3.TE 8812400635029 PITIL/C SYSSYS 0134/07SEP
VCR COUPON DATA EXISTS  *VI TO DISPLAY
TICKETING DATA EXISTS - *T TO DISPLAY
AS FACTS
 1.SSR OTHS AS SEGMENT LH914B12SEP2015 COULD NOT BE ADDED
RECEIVED FROM - EDIRM1A19104310//0941400902150E 5140A3FE-001
RECORD LOCATOR - MUC1AYJYP9P/FRADE0980/2349904/FRA/DE/A/DE//RC
TTY.TTYRM1A 0543/19AUG15 FMMHGH H
11SEP15 1839Z  11SEP15 1839Z *6035
```

NOTE:   Acquired by Alaska Airlines on Friday, September 11, 2015

**EXHIBIT 10**
Malcolm Ray v Condor Flugdienst

# EXHIBIT 11
Ray v Condor

LIST OF UN-INTELLIGIBLE ABBREVIATIONS ON DEFENDANT'S TICKETING DOCUMENT

pos
gb
gbp
tit
ub
ra
xa
xy
yc
ay
xf
de
t
lh
1:35 h - (unspecified measurement)
spo
classic
pc
m
de
flight no. not specified as shuch
10:25+1 *(meaningless)*

"Secure flight details need to be provided before departure"   *(meaningless)*
"secure flight" program - *completely unexplained*

"We please you to be present 3 hours prior to departure at the check-in desk   *(completely absurd)*

## Confusion on numbers appearing on ticket data outlined as follows:

filekey  7839660-01
agency no. 50065
Customer no. 6730393
Filekey: XJYP9P
Tax no. 00324644120
CFI 7839660
Int Ref: 1507250014
-------------------------------------------------------------------------------------------------------------------



**Condor Flugdienst GmbH**
**Rechtsabteilung**
Condor Platz
D-60549 Frankfurt am Main
Telefon +49 6107 939 7420
Telefax +49 6107 939 7905
E-Mail  recht@condor.com

Condor Flugdienst GmbH · Condor Platz · D -60549 Frankfurt am Main

Malcolm Ray

22625 Lake Hill Drive

Chugiak Alaska 99567

USA

Datum

08.02.2016

Seitenzahl

1/1

**Ray ./. Condor**

file reference: CON-15/08-07957

Dear Mr. Ray,

Thank you for your letter dated January 4, 2016.

Ms. Pittilla was denied boarding as she was trying to board her Lufthansa flight LH 903. Therefor she was denied boarding by a Lufthansa employee.
For that reason Condor is not responsible for her denied boarding.

Kind regards,

Verena Schreiber

Legal Counsel

$EXHIBIT\ 13$

Condor Flugdienst GmbH
Vorsitzender des Aufsichtsrates /
Chairman of the Supervisory Board:
Heiner Wilkens
Geschäftsführung / Board of Directors

Bankverbindung:
Hessische Landesbank
BLZ: 500 500 00    Konto: 12121000
IBAN: DE12 5005 0000 0012 1210 00
BIC: HELADEFF

Sitz der Gesellschaft /
Corporate Headquarters:
Condor Flugdienst GmbH Kelsterbach
Registriereintragung / Registration:
Amtsgericht Darmstadt, HRB 83385
USt-Id-Nr. DE 811163229

EMAIL FROM: Schreiber, Verena <verena.schreiber@condor.com>

SUBJECT: Ray/Condor, CON-15/08-07957

TO: Malcolm Ray <malcolmray@mtaonline.net>        12 / 1 / 2015    2:56 AM

Dear Mr. Ray,

i am refering to your complaint for damages (our file reference: CON-15/08-07957).

First I would like to thank you for your advisory. We were now able to check your claim.

Our research has provided us following information:

The booking of yours was a booking available for the general public as you made it through the Condor website. As a non staff member you were not able to make an ID booking. Why an Lufthansa employee provided such information to you is not understandable. We have checked your booking. It was made with our "Topics" booking system.

Therefor the rejection was not caused by a wrongly ID-Staff booking.

Your traveling partner Ms. Pittilla was not allowed to board the plane because she could not provide her ESTA authorization. This authorization is necessary for all passengers from Europe who are travelling to the US (https://esta.cbp.dhs.gov/esta/). This circumstance is also mentioned in the booking confirmation of condor which you attached to your complaint. On the second page one can read as follows: "Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA).

On this basis we would like to you rethink your complaint. The amount of almost 55,000.00 Dollars you are claiming is not reasonable and we have to reject it.

**As a gesture of goodwill and to avoid a long and expensive court proceeding, we are willing to try to find a settlement adequate for both sites.**

If you are willing to agree to a settlement you have to ensure us confidentiality, no further legal action and consider all your claims satisfied.

Please advance your opinion to a settlement. Please do not hesitate to contact us for further discussions on this matter.

Kind regards,

**Verena Schreiber**

Legal Counsel

Condor Flugdienst GmbH
FRA HH
Condor Platz
60549 Frankfurt am Main
GERMANY

Fon: +49 (0) 6107 939-7427
Fax: +49 (0) 6107 939-7905

Mobile: +49 (0) 172 4282785

E-Mail: verena.schreiber@condor.com

EXHIBIT 14

http://www.condor.com
Wir lieben Fliegen.

Condor Flugdienst GmbH, Vorsitzender des Aufsichtsrates: Heiner Wilkens.
Geschäftsführung: Ralf Teckentrup (Vorsitzender), Uwe Balser, Dr. Ulrich Johannwille.
Sitz: Kelsterbach, Registergericht und Handelsregister Nr.: Amtsgericht Darmstadt Nr. 83385.

Condor Flugdienst GmbH, Chairman of the Supervisory Board: Heiner Wilkens.
Executive Board: Ralf Teckentrup (CEO), Uwe Balser, Dr. Ulrich Johannwille.
Registered Office: Kelsterbach/Germany, Register Court and Number: Amtsgericht Darmstadt Nr. 83385.

EMAIL FROM: Schreiber, Verena <verena.schreiber@condor.com>

SUBJECT: Ray/Condor, CON-15/08-07957

TO: Malcolm Ray <malcolmray@mtaonline.net>   12 / 1 / 2015   2:56 AM

=================================================================

Dear Mr. Ray,

i am refering to your complaint for damages (our file reference: CON-15/08-07957).

First I would like to thank you for your advisory. We were now able to check your claim.

Our research has provided us following information:

The booking of yours was a booking available for the general public as you made it through the Condor website. As a non staff member you were not able to make an ID booking. Why an Lufthansa employee provided such information to you is not understandable. We have checked your booking. It was made with our "Topics" booking system.

Therefor the rejection was not caused by a wrongly ID-Staff booking.

Your traveling partner Ms. Pittilla was not allowed to board the plane because she could not provide her ESTA authorization. This authorization is necessary for all passengers from Europe who are travelling to the US (https://esta.cbp.dhs.gov/esta/). This circumstance is also mentioned in the booking confirmation of condor which you attached to your complaint. On the second page one can read as follows: "Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as if you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA).

On this basis we would like you to rethink your complaint. The amount of almost 55,000.00 Dollars you are claiming is not reasonable and we have to reject it.

As a gesture of goodwill and to avoid a long and expensive court proceeding, we are willing to try to find a settlement adequate for both sites.

If you are willing to agree to a settlement you have to ensure us confidentiality, no further legal action and consider all your claims satisfied.

Please advance your opinion to a settlement. Please do not hesitate to contact us for further discussions on this matter.

Kind regards,

**Verena Schreiber**
Legal Counsel

Condor Flugdienst GmbH
FRA HH
Condor Platz
60549 Frankfurt am Main
GERMANY

Fon: +49 (0) 6107 939-7427
Fax: +49 (0) 6107 939-7905

Mobile: +49 (0) 172 4282785

E-Mail: verena.schreiber@condor.com

http://www.condor.com
Wir lieben Fliegen.

Condor Flugdienst GmbH, Vorsitzender des Aufsichtsrates: Heiner Wilkens.
Geschäftsführung: Ralf Teckentrup (Vorsitzender), Uwe Balser, Dr. Ulrich Johannwille.
Sitz: Kelsterbach, Registergericht und Handelsregister Nr.: Amtsgericht Darmstadt Nr. 83385.

Condor Flugdienst GmbH, Chairman of the Supervisory Board: Heiner Wilkens.
Executive Board: Ralf Teckentrup (CEO), Uwe Balser, Dr. Ulrich Johannwille.
Registered Office: Kelsterbach/Germany, Register Court and Number: Amtsgericht Darmstadt Nr. 83385.



**Condor Flugdienst GmbH**
**Rechtsabteilung**
Condor Platz
D-60549 Frankfurt am Main
Telefon +49 6107 939 7420
Telefax +49 6107 939 7905
E-Mail recht@condor,com

Condor Flugdienst GmbH · Condor Platz · D -60549 Frankfurt am Main

Malcolm Ray

22625 Lake Hill Dr

Chugiak Alaska

USA

Datum

03.12.2015

Seitenzahl

1/2

**Ray ./. Condor**

file reference: CON-15/08-07957

Dear Mr. Ray,

i am refering to your complaint for damages (our file reference: CON-15/08-07957).

First I would like to thank you for your advisory. We were now able to check your claim.

Our research has provided us following information:

The booking of yours was a booking available for the general public as you made it through the Condor website. As a no staff member you were not able to make an ID booking. Why an Lufthansa employee provided such information to you is not understandable. We have checked your booking. It was made with our "Topics" booking system.

Therefor the rejection was not caused by a wrongly ID-Staff booking.

EXHIBIT 15

Condor Flugdienst GmbH
Vorsitzender des Aufsichtsrates /
Chairman of the Supervisory Board
Heiner Wilkens
Geschäftsführung / Board of Directors
Ralf Teckentrup, Vorsitzender / Chairman
Uwe Balser, Dr. Ulrich Johannwille

Bankverbindung
Hessische Landesbank
BLZ: 500 500 00   Konto 12121000
IBAN: DE12 5005 0000 0012 1210 00
BIC: HELADEFF
Steuernummer: 003 246 44009

Sitz der Gesellschaft /
Corporate Headquarters:
Condor Flugdienst GmbH Kelsterbach
Registriereintragung / Registration:
Amtsgericht Darmstadt, HRB 83385
USt-Id-Nr. DE 811163229

Your traveling partner Ms. Pittilla was not allowed to board the plane because she could not provide her ESTA authorization. This authorization is necessary for all passengers from Europe who are travelling to the US (https://esta.cbp.dhs.gov/esta/). This circumstance is also mentioned in the booking confirmation of condor which you attached to your complaint. On the second page one can read as follows: "Important! It is essential to find out about the important entry and transit requirements for the USA (incl. Puerto Rico), as If you do not register for the ESTA and (TSA) Secure Flight programs, you will be refused entry to the USA (and also transit through the USA).

On this basis we would like you to rethink your complaint. The amount of almost 55,000.00 Dollars you are claiming is not reasonable and we have to reject it.

As a gesture of goodwill and to avoid a long and expensive court proceeding, we are willing to try to find a settlement adequate for both sites.

If you are willing to agree to a settlement you have to ensure us confidentiality, no further legal action and consider all your claims satisfied.

Please advance your opinion to a settlement. Please do not hesitate to contact us for further discussions on this matter.

Kind regards,

Verena Schreiber

Legal Counsel

**Malcolm Ray**
22625 Lake Hill Drive
Chugiak Alaska USA 99567

CERTIFIED 70142870000163789610

November 5, 2015

Condor Air / Condor Flugdienst GmbH
Thomas-Cook-Platz 1
D - 61440 Oberursel
Germany

RE: Condor File Key: 1: 7839660-01
                     2: 7839660-02
                     3: 7934508-01
                     4: 7839660-05

ENCL: Condor Flugdienst Customer Advisory

In accordance with your published advisory (enclosed) you are requested to provide explanation for the additional charge of $ 921.00 USD above the original purchase amount $ 1.428.00 USD, for a total charge of $2,350.00 USD.

All details, including names of entities, personnel, precise times of day of significant incidents in this matter, and all other facts relating to the overcharge of $921.00 and the denial of boarding for the passenger are requested in your response.

Your response, in writing, to the above-listed address is requested within 10 days or by November 16, 2015.

Malcolm Ray

EXHIBIT 16



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Condor Flugdienst GmbH
Thomas Cook Platz 1
D-61440 Oberursel
GERMANY

9590 9403 0743 5196 7152 83

2. Article Number (Transfer from service label)
7014 2870 0001 6378 9610

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**CERTIFIED MAIL®**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 2870 0001 6378 9610
7014 2870 0001 6378 9610

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To Condor Flugdienst GmbH
Street & Apt. No., or PO Box No. Thomas Cook Platz 1  61440
City, State, ZIP+4 Oberursel Germany

PS Form 3800, July 2014    See Reverse for Instructions



## Return Receipt for International Mail

**Postmark of the office returning the receipt** C5
Timbre du bureau renvoyant l'avis

(Registered, Insured, Recorded Delivery, Express Mail)

Administration des Postes des Etats-Unis d'Amérique

*Avis de réception*

*Par Avion*

**Return by the quickest route** (air or surface mail), a découvert and postage free

**A renvoyer par la voie plus rapide** (aérienne ou de surface), à découvert et en franchise de port.

The sender completes and indicates the address for the return of this receipt.
(A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis.)

Name or Firm (Nom ou raison sociale)
MALCOLM RAY

22625 LAKE HILL DR
Street and Number (Rue et no.)

CHUGIAK ALASKA USA 59567
City, State, and ZIP + 4 (Localité et code postal)

UNITED STATES OF AMERICA      Etats-Unis d'Amérique

PS Form 2865, October 1992

---

```
                    CHUGIAK
                 22255 DOGSLED CT
                    CHUGIAK
                       AK
                   995679997
                  0215990567
11/05/2015       (800)275-8777    1:40 PM
=========================================
Product            Sale       Final
Description        Qty        Price

First-Class         1         $1.20
Intl
Letter
    (International)
    (Germany)
    (Weight:0 Lb 0.50 oz)
Registered          1         $13.95
    (Amount:$0.00)
    (USPS Registered Mail #)
    (RC058185728US)
Return              1         $3.85
Receipt
Affixed             1         ($0.49)
Postage
    (Affixed Amount:$0.49)

Total                         $18.51

  h                           $20.00
  nge                         ($1.49)
```



**Registered No.** RC058185728US

**Date Stamp** CHUGIAK AK
0587
05

NOV 5 - 2015

| Reg. Fee | $1.20 | |
| Handling Charge | $13.95 | Return Receipt |
| Postage | $3.85 | Restricted Delivery $0.00 |
| Received by | $0.00 | |
| | $19.00 | |

**Customer Must Declare Full Value** $0.00      11/05/2015

Domestic Insurance up to $25,000 is included the declared value. International Indemnity is limited. (See Reverse)

CHUGIAK, AK 99567

OFFICIAL USE

FROM
MALCOLM Ray
22625 LAKE Hill
Chugiak AK USA 99567
99567

TO
Condor Flugdienst GmbH
Germany  Thomas Cook
D-61440 Oberursel
GERMANY

PS Form 3806, **Receipt for Registered Mail**  Copy 1 - Customer
January 2014 (7530-02-000-9051)      (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com®

**Malcolm Ray**
22625 Lake Hill Drive
Chugiak Alaska USA 99567

---

**CERTIFIED INTERNATIONAL** _____

January 4, 2016

Condor Air / Condor Flugdienst GmbH
Thomas-Cook-Platz 1
D - 61440 Oberursel
Germany *VERENA Schreiber*
ATTN: *VERENA Schreiber*
RE: Complaint/Legal Action: Case No. Awaiting Filing Action
    Condor File Key: 1: 7839660-01
                     2: 7839660-02
                     3: 7934508-01
                     4: 7839660-05
    Correspondence, Condor-Verena Schreiber to M. Ray, 03.12.2015

Dear Ms Schreiber:

The legal action now in your possession is complete and includes all the necessary evidence packets. The evidence contradicts all Condor claims regarding the ESTA question; in addition, the Complaint & Action sets out the various other malicious and unacceptable actions taken by your company and its representatives. The ESTA form was not a requirement of the United States Transportation Safety Administration, per TSA testimony, at the time of the injuries caused by Condor. It was however, correctly provided to your agents in full compliance with your demands, as we have informed you previously.

The awards sought in the Complaint/Action are now elevated to $56,400.00 USD as a result of additional legal, communications, labor, time and miscellaneous costs after 05.11.2015. As a courtesy to your business, Condor is requested to make its written offer for settlement before the Action is filed in order to minimize further costs.

We will expect to receive your proposal no later than last day of January, 2016, prior to filing with the courts. Thank you in advance for providing a timely conclusion to this matter.

_____

Malcolm Ray

*EXHIBIT 17*



**Return Receipt for International Mail** C5

*(Registered, Insured, Recorded Delivery, Express Mail)*

**Avis de réception**

Postmark of the office returning the receipt
*Timbre du bureau renvoyant l'avis*

*Administration des Postes des Etats-Unis d'Amérique*

*Par Avion*

Return by the quickest route (air or surface mail), a découvert and postage free

*A renvoyer par la voie la plus rapide (aérienne ou de surface), à découvert et en franchise*

The sender completes and indicates the address for the return of this receipt.
*(A remplir par l'expéditeur, qui indiquera son adresse pour le renvoi du présent avis.)*

Name or Firm *(Nom ou raison sociale)*
_Malcolm Ray_

_22625 Lake Hill Dr_
Street and Number *(Rue et no.)*
_Chugiak Alaska USA 99567_
City, State, and ZIP + 4 *(Localité et code postal)*

que

PS Form 2~~

---

**Registered No.**
RC058185745US

**Date Stamp**
0567
05

0 4 2015

| | | |
|---|---|---|
| Reg. Fee | $1.20 | |
| Handling Charge | $13.95 | Return Receipt |
| Postage | $3.85 | Restricted Delivery $0.00 |
| Received by | $0.00 | $19.00 |

To Be Completed By Post Office

Customer Must Declare Full Value $0.00

01/04/2016 in the declared value. International

Domestic Insurance up to $25,000 is included
Indemnity is limited. (See Reverse).

CHUGIAK, AK 99567

**OFFICIAL USE**



To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM  Malcolm Ray
22625 Lake Hill
Chugiak AK USA 99567
99567

TO  Condor Flugdienst GmbH
Germany Thomas Cook
D-61440 Oberursel
GERMANY

PS Form **3806**, **Receipt for Registered Mail**    Copy 1 - Customer
January 2014 (7530-02-000-9051)    (See Information on Reverse)
For domestic delivery information, visit our website at *www.usps.com*

---

CHUGIAK
22255 DOGSLED CT
CHUGIAK
AK
995679997
0215990567
01/04/2016    (800)275-8777    11:19 AM

| Product Description | Sale Qty | Final Price |
|---|---|---|
| First-Class Intl Letter (International) (Germany) (Weight:0 Lb 0.60 Oz) | 1 | $1.20 |
| Registered (Amount:$0.00) (USPS Registered Mail #) (RC058185745US) | 1 | $13.95 |
| Return Receipt | 1 | $3.85 |
| Total | | $19.00 |
| Cash | | $20.00 |
| Change | | ($1.00) |